**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Joanne M. McLaren
*Senior Counsel*
Phone: (212) 356-2413
jmclaren@law.nyc.gov

November 12, 2025

**BY ECF**
Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Moné Makkawi, *et al.* v. City of New York, *et al.*
              25-cv-6321 (DEH)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York ("Defendant" or the "City") in the above-referenced matter. The City writes to respectfully request that the Court stay this matter, in its entirety, *sine die,* pending the resolution of CCRB investigations into the conduct of multiple officers from the dates of the events at issue in Plaintiff's Complaint. Plaintiffs do not consent to this request.[1]

**I.    Background**

      Plaintiffs Moné Makkawi, Rohaan Gill, Loay Elasmar, Miguel Figueroa, Ahmed Elsayed, Arib Hasan, Carla Tejada, Benjamin Wilson, Ethan Wright, Malik Salti and Bryan Vivas (collectively, "Plaintiffs") allege that, while attending various protests in support of the Palestinian people, on various dates, they were subjected to, *inter alia*, unlawful seizure and excessive force by members of the New York City Police Department ("NYPD"), causing a wide range of injuries including back pain, wrist pain, injuries from pepper spray to the face, throat, chest, and private parts, and post-concussive syndrome.

---

[1] Defendant sought Plaintiff's consent for this request. In response, Plaintiffs asked a litany of questions, including about the status of the CCRB investigation, what the next and remaining steps of the CCRB investigation are, and when each of those steps would take place. CCRB does not divulge such details thus Defendant is not privy to much of the information requested. Following further correspondence with Plaintiffs, in which Plaintiffs characterized Defendant's lack of knowledge of CCRB's inner workings as "absurd" and stated that they do "not view the City's motion as serious," Defendant understands Plaintiffs' position to be a denial of consent.

Plaintiffs filed this suit on August 5, 2025, *see* ECF No. 8, then filed a First Amended Class Action Complaint on August 11, 2025, *see* ECF No. 9, alleging, *inter alia*, excessive force, unreasonable seizure, First Amendment retaliation, violation of due process, malicious prosecution, *Monell* liability, and state law claims, arising from the policing of various protests allegedly in support of Palestinian people. They seek to represent a class of people present at any such protest within the five boroughs of NYC from October 21, 2023 forward, who were, among other things: "1. arrested; 2. detained in any fashion, without custodial arrest; 3. subjected to any force; 4. faced any police action that might have or did have a chilling effect; or 5. were otherwise subjected to, without any limitation, any of the policies, practices, and customs alleged [in their Complaint.]" See First Amended Complaint, ECF No. 9, at ¶ 217. Plaintiffs name the City and sixteen members of the NYPD as defendants.

On September 17, 2025, the parties filed a consent motion to adjourn the initial conference and extend the time to answer. See ECF No. 22. On September 18, 2025, this Court granted the consent motion, extending the time to answer until December 1, 2025, setting a deadline of November 25, 2025, for the pre-conference letter and proposed case management plan, and adjourning the initial conference until December 2, 2025, at 10 a.m. See ECF No. 23.

According to the docket, the City and fifteen individual defendants have been served.[2] Retired officer Joseph Cunningham has not been served. Plaintiffs moved for an extension of time to effect service upon him, to which Defendant consented, see ECF No. 25, and, on November 5, 2025, this Court granted Plaintiffs an extension of time until December 7, 2025, to effect service. See ECF No. 26.

This Office has since learned that CCRB is currently investigating complaints made to CCRB about at least five of the individual defendants for allegations arising out of their activity on the date of the misconduct alleged against that defendant in the First Amended Complaint.

## II.    Basis for the Stay Application

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). Specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. See, e.g., Kashi, 790 F.2d at 1057 ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal quotation marks and citations omitted); Bristol v. Nassau County, No. 08-cv-3480 (JFB) (WDW), 2010 U.S. Dist. LEXIS 39634, at *1 (E.D.N.Y. Apr. 22, 2010) ("A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require."); Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.").

---

[2] This Office makes no representations as to the adequacy of such service of process. Further, to date, as representation interviews are still underway, this Office has made no decision regarding the representation of several of these defendants. Nevertheless, Defendant respectfully requests that the Court *sua sponte* grant all fifteen individually named NYPD defendants who have been served the relief requested herein so that their defenses are not jeopardized while representational issues are being resolved.

A stay is warranted here for several compelling reasons.  As an initial matter, the ongoing investigations may affect the representation of at least five of the individual defendants.  Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation.  See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985).  Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred."  N.Y. Gen. Mun. Law § 50-(k)(2); Mercurio, 758 F.2d at 864-65.  As CCRB is currently investigating whether at least five individual officers violated any NYPD rules or regulations, this Office cannot yet make an informed determination as to whether it can represent these defendants.  Indeed, if this Office assumes representation of the individual defendants before the proceedings are complete, but it later becomes apparent that the officer was ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case.  Such a result would cause significant and undue expenditure of resources and delay.

Further, until the investigations conclude, all parties will have very limited access to documents, recordings, and/or other information regarding the incident alleged in this case, specifically as to any relevant materials generated by CCRB while the investigations are pending.  Consequently, should a stay be denied, all parties will suffer from an informational deficit, and this Office will be unable to effectively respond to the Complaint, fully participate in court conferences, or adequately participate in discovery.

Finally, the City submits that a stay of this matter will not prejudice Plaintiffs in any way.  A stay does not mean that Plaintiffs' claims are lying dormant.  Rather, claims from the date of incidents alleged by Plaintiffs are currently being investigated by the CCRB.  These investigations will likely aggregate relevant documents and information, streamlining discovery for all parties, including Plaintiffs.  Furthermore, the alleged incidents stem from multiple protests, the earliest of which was in October 2023, so there are no statute of limitations concerns.  In addition, Police Officer Joseph Cunningham has not been served yet:  the case cannot  proceed to discovery until he has been served, and had an opportunity to respond, by which time the open CCRB investigations may be resolved.

Many cases in this Circuit have been stayed pending the outcome of criminal or disciplinary proceedings.  See, e.g., Grazette v. Rockefeller, et al., 20-cv-965 (ER) (SLC) (S.D.N.Y. November 6, 2020) (ECF No. 38) (granting stay until resolution of CCRB investigation); D.G., et al. v. City of New York, et al., 21-cv-2073 (WFH) (CLP) (E.D.N.Y. May 10, 2021) (May 10, 2021 Docket Entry) (same); Remy, et al., v. City of New York, et al., 20-cv-6189 (DG) (JRC) (E.D.N.Y. March 12, 2021) (March 12, 2021 Docket Entry) (same); Walker v. Raja, et al., 17-cv-5202 (PKC) (TAM) (E.D.N.Y. November 6, 2017) (ECF No. 21) (same); Ortiz v. City of New York, 13-cv-7367 (LTS) (S.D.N.Y. May 30, 2014) (Dkt. Nos. 17 & 20) (same); Butler v. City of New York, 12 Civ. 3759 (JPO) (S.D.N.Y. Sept. 7, 2012)  (ECF No. 10) (granting stay due to IAB investigation).  For the same reasons, this case should also be stayed.

**III.   Conclusion**

       For the foregoing reasons, the City respectfully requests that the Court stay all proceedings in this matter, and extend the City's time to answer or otherwise respond to the Complaint, until thirty (30) days after the resolution of the CCRB investigations. The City asks the Court to similarly extend the time for the individual defendants to answer or otherwise respond to the Complaint, *sua sponte*, so that their defenses are not jeopardized while this application is considered. Should the Court grant the stay, the undersigned will file periodic status letters regarding the progress of the investigations, at the Court's direction.

       The City thanks the Court for its consideration.

       Respectfully submitted,

s/ *Joanne M. McLaren*
Joanne M. McLaren
Senior Counsel
Special Federal Litigation Division

ec:    All counsel of record  (by ECF)