

November 12, 2025

Hon. Dale E. Ho, U.S.D.J.
Southern District of New York
40 Foley Square
New York, NY 10007

By Electronic Filing

      Re:      Makkawi et al. v. City of New York et al., 25-cv-6321

Dear Judge Ho:

      My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. I write to respond to Defendants' letter motion to stay this case in its entirety, filed in violation of the Court's Individual Practices and Rules.

      The Court's Rules require "any request for relief shall be accompanied by a statement as to whether the opposing party consents to the requested relief and, if not, **the reasons given by the adversary for refusing to consent**." Individual Rules of the Hon. Dale E. Ho § 2(a)(iv) (emphasis added)

      Plaintiffs provided a position well before Defendants filed.[1] Defendants' omission of "the reasons given by the adversary for refusing to consent." Below are those reasons. The Court should deny the motion either for violating the Court's Rules, or for the reasons articulated below.

      The "reasons given by the adversary"[2] that Defendants should have included in their motion are:

      Defendants' motion to stay pending an unspecified CCRB investigation or investigations, with no information about timeline, or anything else, is wholly meritless for the reasons below, and in light of the City's complete refusal to disclose any information about the investigation(s), the Court should not need a formal response to deny it.

---

[1] Plaintiffs also note, in a related case across the river in the Eastern District, violated a similar rule earlier today, the City violated Judge Marutollo's similar rule. *See Steadman v. City of New York*, 25-cv-4081, ECF Nos. 24 and 25. And notwithstanding plaintiffs there having pointed out the failure, the same lawyer failed to include Plaintiffs position here (even though it was transmitted in the same email as the position in *Steadman*).

[2] If there were a page limit concern, that might be understandable, but Defendants went over the Court's page limit anyway. Individual Rules of the Hon. Dale E. Ho § 2(a)(ii). And Defendants could have provided Plaintiffs' "reasons" as an exhibit or appendix if that were the problem.



However, if the Court would prefer, Plaintiffs will submit a formal opposition in the time set by the Court's Individual Practices. If the Court does ask for formal opposition, Plaintiffs ask the Court to first direct the City to provide full answers the eight questions below.

Defendants asked for Plaintiffs position on a motion for a "stay of all proceedings pending the resolution of those investigations," because -- without any further detail -- Defendants said, "Multiple MOS have open CCRBs from the date of incident." Plaintiffs asked Defendants for basic information:

1. What proceedings exists?
2. Who is the proceeding against?
3. What are the charges and allegations?
4. When were they brought?
5. What is the current status of the proceeding?
6. What are the next and remaining steps?
7. Approximately when will each of those steps take place?
8. Are there are any other unusual circumstances counseling a stay here (as compared to a routine CCRB investigation)?

Defendants responded, "We are not privy to most of the information you are asking for." But that is a baffling claim. The CCRB is a part of the City, and *of course* the City knows the status of its own investigations, who they are against, and so on.[3] In police litigation every single day, the City produces documents from the CCRB.

As for the merits, sparing for now the long string citation, Courts routinely reject such requests, particularly without any information about the investigation. "[T]he fact that Corporation Counsel has not yet determined whether it will represent the individual defendant police officers who may be facing a parallel CCRB investigation simply does not merit the 'extraordinary remedy' of an indefinite stay of Plaintiff's Section 1983 action." *Saint-Fort v. City of N.Y.*, No. 22-cv-6879 (NRM) (MMH), 2023 U.S. Dist. LEXIS 59191, *12 (E.D.N.Y. Apr. 4, 2023) ("[T]he City cites no cases[4] —and the Court has found none—in which a court has

---

[3] In their letter, Defendants say "CCRB does not divulge such details." ECF No. 27 n. 1. But Defendant City *contains* the CCRB — it is not a separate entity. *See, e.g., Jean v HRA*, 2025 US Dist LEXIS 139449, at *6 (SDNY July 21, 2025); *Carmody v City of NY*, 2006 US Dist LEXIS 25308, at *7 (SDNY May 11, 2006). Claims against the City are claims that include the CCRB, and if counsel's client is refusing to disclose information, that is a far larger problem.

[4] In light of this comment in *Saint Forte,* Plaintiff also notes that while the City suggests there are cases permitting such indefinite stays, they are not exactly persuasive or exactly on point. The first (*Grazette*) is an Order at the height of the pandemic, with a one sentence opposition from a *pro se* plaintiff. The second (*D.G.*) is a one sentence order granting a *consent* motion to stay. The third (*Remy*) also was an application on consent. The fourth (*Walker*) was unopposed (albeit without consent) in a case with a *pro se* plaintiff who was incarcerated (and granted likely before that Plaintiff even received a copy of the motion). The fifth (*Ortiz*) is the only motion cited involving the CCRB and an actual opposition. And as Defendants admit, the last involves an IAB investigation, which is not the same thing. And of course, none of those cases is a massive class action with significant *Monell* claims, where another Judge has already relied on discovery in this case in

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



indefinitely stayed a civil action because one of the parties had not yet acquired representation."). And Courts appropriately have cited the fact that even a single "CCRB investigation can be a time-consuming and protracted process," to say nothing of multiple intertwined cases (*id.* at *8) and used the lack of any tangible end date in rejecting similar applications. *Rodriguez v City of NY*, 2025 US Dist LEXIS 24662, at *8 (EDNY Feb. 11, 2025) ("While the City has requested a stay limited to 90 days, it is unable to provide an estimate as to when the CCRB investigation related to this case is likely to conclude and instead asks to submit another status update at that time").

Accordingly, as set out above, the Court should, whether for failure to follow the Court's Rules or in light of the City's complete refusal to disclose any information about the investigation(s), deny the motion outright. If not, the Court should order the City to produce basic information about the status of the investigations before requiring a formal response — and that should not hold up discovery.

                                                 Respectfully submitted,

                                                 /s/
                                                 _____
                                               J. Remy Green
                                                   *Honorific/Pronouns: Mx., they/their/them*
                                               **COHEN&GREEN P.L.L.C.**
                                               *Attorneys for Plaintiffs*
                                               1639 Centre St., Suite 216
                                               Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

ordering coordination. *See Steadman*, 25-cv-4081, ECF Nos. 21 ("The parties are further directed to meet and confer on a coordination order [with this case, *Makkawi*], following the template created by the George Floyd protest cases").

Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com