

November 17, 2025

Hon. Dale E. Ho, U.S.D.J.
Southern District of New York
40 Foley Square
New York, NY 10007

By Electronic Filing

    Re:    <u>Makkawi et al. v. City of New York et al., 25-cv-6321</u>

Dear Judge Ho:

    My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. As permitted by the Court's Individual Practices, this letter is intended as Plaintiffs' formal opposition to Defendants' motion to stay the case in its entirety. ECF No. 27.[1] As set out below, the Court should deny the City's Motion. In fact, here, the City provides the same reasons in support of their motion that this Court recently rejected in *Rozario. v. City of New York,* 25-cv-5203 (DEH), at ECF No. 22. Just as the Court denied the City's motion in *Rozario*, the City's motion here should be denied.

## BACKGROUND

    By way of brief background, on September 17, 2025, Plaintiff filed a motion requesting an adjournment of the initial conference and, on behalf of the City, a 60-day extension of time to answer to allow the City time to resolve representational issues and investigate the claims in the case. ECF No. 22. On September 19, 2025, the Court granted the requests in the letter and extended Defendants' time to answer to December 1, 2025, and adjourning the initial conference to December 2, 2025. On November 12, 2025, the City filed a new request, this time asking for an indefinite stay of this case.

    As noted in ECF No. 28, Plaintiffs asked the City for basic facts about the purported investigations.[2] The City bizarrely claimed it could not answer "most" of those questions, even though the CCRB *is part of the City*. And the City made its motion without providing even the most basic details about what the prejudice to Plaintiffs would be or even whether the investigations began *after* Plaintiffs filed suit.[3]

---

[1] Immediately after the City filed the Motion, Plaintiffs filed a letter providing their position on the City's request because the City — in violation of the Court's Rules — omitted it from its Motion. That position stated "Plaintiffs will submit a formal opposition in the time set by the Court's Individual Practices." ECF No. 28. This letter is that formal opposition to the substance of the City's Motion.

[2] "(1) What proceedings exist[]?; (2) Who is the proceeding against?; (3) What are the charges and allegations?; (4) When were they brought?; (5) What is the current status of the proceeding?; (6) What are the next and remaining steps?; (7) Approximately when will each of those steps take place?; and (8) Are there are any other unusual circumstances counseling a stay here (as compared to a routine CCRB investigation)?"

[3] If it were actually true (it is not) that the "CCRB does not divulge such details" about investigations to the City's own lawyers, it is not clear how the City would "file periodic status letters regarding the progress of the investigations" as it promises to. ECF No. 27 at 1 n. 1; 3. The obvious squaring of that circle is that the



## DISCUSSION

In evaluating a motion to stay civil proceedings, courts consider five factors: "(1) the private interests of the plaintiffs in the proceeding expeditiously with the civil litigation as balanced against the prejudice to plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y 2023) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). In assessing these factors, "the basic goal is to avoid prejudice." *Id.* As set out below, the City fails to make the required showing on any of these factors — and curiously, does not engage with or cite the explanation Your Honor gave in *Rozario* (or the similar explanations by countless other judges (an exhaustive string cite is omitted), even though the same City lawyer is making the request.[4]

### I. The City's Representation Process is Not a Basis to Stay a Case.

The City first argues that "the ongoing investigations *may* affect the representation of at least five of the individual defendants." ECF No. 27 at 3 (emphasis added). Your Honor rejected this same argument in *Rozario*, and the City fails to provide even a nominal explanation for how the reasoning adopted there would not apply here: "[T]he status of legal representation for the individual defendants does not weigh in favor of a stay" because the individual Defendants "may retain counsel while the City determines whether its counsel will represent those defendants as well." *Rozario* (citing *Rodriguez v. City of New York*, 2025 WL 458243, at *3 (E.D.N.Y. Feb 11, 2025)). *Accord*, Minute Order, *Morales v. City of New York*, 24-cv-01866 (HG) (E.D.N.Y. Jun. 7, 2024) ("[T]he Court does not see any reason why the pending CCRB investigation would prevent Corporation Counsel from reaching its own determination as to whether it can represent the three individual Defendants implicated in that investigation as it admits it is required to do") ("*Morales* Order").

Plus, even if the City were right about prejudice to the Individual Defendants, "[t]he open question of representation does not require a stay of the case, as the City can answer and conduct discovery on its own behalf." Minute Order, *Flores v. City of New York*, No. 24 Civ. 7162 (FB) (VMS) (E.D.N.Y. Dec. 20, 2024). And, of course, "individual defendants may retain counsel while the City determines whether its counsel will represent those defendants as well." *Morales* Order.

### II. There is No Information Deficit.

The City next argues that if discovery proceeds now, the parties "will suffer from an informational deficit" because of purported privilege claims. ECF No. 27 at 3. But the premise is faulty: "it is unclear whether and to what extent either of these privileges would apply to particular documents in this case," because both are qualified privileges — and neither turn on whether an

---

CCRB — as a part of the City — can inform the City's lawyers about investigations when required, just as the City produces CCRB documents in litigation every day and the City's lawyers' inability to get such information is feigned.

[4] As noted in ECF No. 28, the cases the City cites are largely either consent motions or orders with *pro se* plaintiffs and non-substantive oppositions. ECF No. 28 at 2 n. 4. Hence, the comment in *Saint-Fort*, "the City cites no cases —and the Court has found none—in which a court has indefinitely stayed a civil action because one of the parties had not yet acquired representation. *Saint-Fort v. City of N.Y.*, No. 22-cv-6879 (NRM) (MMH), 2023 U.S. Dist. LEXIS 59191, *12 (E.D.N.Y. Apr. 4, 2023).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



investigation is closed anyway.[5] *St.-Fort v City of NY*, 2023 US Dist LEXIS 59191, at *10-11 (EDNY Apr. 4, 2023).  Plus, a pending CCRB investigation does not bar the City from accessing its own documents — because, again, the CCRB is a part of the City.

But even if the premise were valid, this Court rejected exactly this argument in *Rozario*, explaining allegedly limited access to CCRB documents does not warrant a stay because "the parties may exchange initial disclosures, even if supplemental discovery may be necessary after the conclusion of the [CCRB] investigation[]." *Rozario* (citing *Rodriguez)*.

### III. A Stay Would Prejudice Plaintiffs, the Public, and Other Courts and Parties.

The City argues that Plaintiffs will not be prejudiced in part because the date of the earliest protest was October 2023 and therefore, according to the City, there are no statute of limitations concerns. But this only highlights one of the biggest problems with the City's request: the earliest protest's (October 2023) 3-year statute of limitations expiration is less than one year away (in October 2026) and the City does not know how long the CCRB investigation will delay litigation commencing. Plaintiffs must identify the John Does before then — or at least begin diligent discovery before then — and a complete stay would bar those efforts. Moreover, the private interests of the Plaintiffs weigh against a stay. "Discovery during the 'early stages of litigation' is material to any resolution of this case, in part to safeguard 'the memories of witnesses' and the preservation of documents." *Rozario* (citing *Rodriguez* at *3). "A stay of indefinite duration would undoubtably prejudice Plaintiffs' interest in the expeditious resolution of this case."[6]

Further, the City does not address the interests of the Court, non-parties, and the public. But the interests of all three "are best served by allowing proceedings to commence." *Rozario*. "Adjudicating the merits of a case regarding allegations of police misconduct is deeply intertwined with the public's interest and trust in law enforcement." *Rozario* (citing *Rodriguez*, at *3).  Plus, here Judges Reyes and Marutollo and the parties in *Steadman* relied on discovery here in setting a schedule contingent on coordination with *Monell* discovery in this case. *Steadman v. City of New York*, 25-cv-4081 (RER) (JAM), ECF Nos. 21 and 27-2 (EDNY) ("The parties are further directed to meet and confer on a coordination order [with *Makkawi*], following the template created by the George Floyd protest cases," with ECF No. 27-2 being the consented to result). So, the Court and parties there would be prejudiced by a stay as well.

Accordingly, all relevant factors weigh against a stay.[7]

---

[5] That is, presumably the City will assert the same privileges even after the investigations are closed.
[6] The City also argues that the "[CCRB] investigations will likely aggregate relevant documents and information, streamlining discovery." But the City's discovery obligations are not constrained nor dictated by what the CCRB gathers for its investigations. The City's obligation to produce documents and information is independent of what the CCRB gathers.
[7] Plaintiffs also respectfully request that the Court deny the City's request for a "*sua sponte*" extension of time for all 15 individual Defendants to answer for the same reasons set forth above. As noted by this Court in *Rozario*, the individual Defendants "may retain counsel while the City determines whether its counsel will represent those defendants as well."

COHEN&GREEN    Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



        Respectfully submitted,

        /s/
        _____
        J. Remy Green
          *Honorific/Pronouns: Mx., they/their/them*
        **COHEN&GREEN P.L.L.C.**
        *Attorneys for Plaintiffs*
        1639 Centre St., Suite 216
        Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com