UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Makkawi et al., | |
|     Plaintiffs, | |
|    v. | 25-CV-6321 (DEH) |
| City of New York et al., | ORDER |
|     Defendants. | |

DALE E. HO, United States District Judge:

  The Court is in receipt of the letter motion to stay these proceedings (ECF No. 27) and the Plaintiffs' competing submissions (ECF Nos. 28 and 29). Having considered carefully the parties' arguments, the Court **DENIES** the motion to stay all proceedings.

  In evaluating a motion to stay civil proceedings, courts consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). In assessing these factors, "the basic goal is to avoid prejudice." *Id.*

  Here, the first factor, the private interests of the plaintiffs, weighs against a stay. "Discovery during the 'early stages of litigation' is material to any resolution of this case, in part to safeguard 'the memories of witnesses' and the preservation of documents." *Rodriguez v. City of New York*, No. 24 Civ. 06289, 2025 WL 458243, at *3 (E.D.N.Y. Feb. 11, 2025) (quoting *Capellan v. City of New York*, No. 20 Civ. 00867, 2020 WL 13904618, at *5 (E.D.N.Y. Sept. 17,

2020)).  A stay of indefinite duration would undoubtedly prejudice Plaintiffs' interest in the expeditious resolution of this case.

Defendants argue that the second factor supports a stay for two principal reasons: first, the ongoing investigations into the individual defendants may affect the City's decision to represent them; and second, until the investigations conclude, the parties will have limited access to relevant documents.  These interests do not justify a stay of *all* proceedings.  As for the first justification, "the status of legal representation for the individual defendants does not weight in favor of a stay" because the individual defendants "may retain counsel while the city determines whether its counsel will represent those defendants as well."  *Rodriguez*, 2025 WL 458243, at *3.  As for the second justification, limited access to documents does not support a stay of all discovery because "the parties may exchange initial disclosures, even if supplemental discovery may be necessary after the conclusion of the [] investigation[s]."  *Id.* at *2.

Moreover, the interests of the Court, non-parties, and the public are best served by allowing proceedings to commence.  "Adjudicating the merits of a case regarding allegations of police misconduct is deeply intertwined with the public's interest and trust in law enforcement."  *Rodriguez*, 2025 WL 458243, at *3.  The relevant factors therefore collectively weigh against a stay of all proceedings.

The Clerk of Court is respectfully directed to close ECF No. 27.

SO ORDERED.

Dated: November 17, 2025
      New York, New York

_____<br>
DALE E. HO<br>
United States District Judge