

November 25, 2025

Hon. Dale E. Ho, U.S.D.J.
Southern District of New York
40 Foley Square
New York, NY 10007

By Electronic Filing

>    Re:    <u>Makkawi et al. v. City of New York et al.</u>, 25-cv-6321

Dear Judge Ho:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. I write jointly with Defendants to provide the letter the Court directed in ECF No. 6.

### I. A brief statement of the nature of the action and the principal defenses.

This case is a putative civil rights class action concerning how the NYPD has policed protests in particular involving people protesting for Palestine. It includes federal constitutional claims under 42 U.S.C. § 1983, claims under the City's "repeal" of qualified immunity, and other related City and State law claims.

Defendants assert the common defenses City parties assert in similar actions.

### II. A brief explanation of why jurisdiction and venue lie in this Court.

Because Plaintiffs make claims under 42 U.S.C. § 1983 (among other things), the Court has Federal Question jurisdiction under 28 U.S.C. § 1331, with supplemental jurisdiction covering the non-federal claims.

Venue is appropriate because many of the protests at issue took place within this District and in Manhattan specifically.

### III. A statement of all existing deadlines, due dates, and/or cut-off dates.

There are no current deadlines, and discovery deadlines are proposed in the accompanying case management plan.

### IV. A brief description of any outstanding motions.

There are no motions currently outstanding.



**V. A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has taken place yet.  Plaintiffs' position is that meaningful settlement discussions can take place when and if the City is prepared to discuss settlement on class-wide terms.

**VI. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

No settlement discussions have taken place.

**VII.    A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the Districts Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate.**

The parties believe such discussions are currently premature, but will discuss (a), (b), and (c) when meaningful settlement is indicated.

**VIII.   Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Plaintiffs believe resolution of class certification may advance the ball on settlement discussions more quickly.

As always, the parties thank the Court for its time and attention.

Respectfully submitted,

/s/
_____
J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.



Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com