# THE ABOUSHI LAW FIRM PLLC

**1441 Broadway Fifth Floor**                                                                     **4922 4th Avenue**
**New York, NY 10018**                                                                        **Brooklyn, NY 11220**
**Telephone: (212) 391-8500**                                                    **www.Aboushi.com**

September 29, 2025

**BY: ECF**
Honorable Ramon E. Reyes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:     Steadman, et al. v. City of New York, et al.
                         25-CV-4081 (RER) (JAM)

Dear Hon. Judge Reyes,

      I am co-counsel for the Plaintiffs in this action and write pursuant to Your Honor's Individual Practices and Rules in response to Defendant's letter seeking a pre-motion conference regarding their anticipated motion for a change of venue. Dkt. No. 17. This matter should remain in the Eastern District of New York because the one factor in favor of a transfer is outweighed by the remaining factors which are either neutral or weigh in favor of this Court maintaining jurisdiction.

      Courts follow a two-step process when evaluating motions to transfer. *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). "First, the court must determine whether the action sought to be transferred is one that might have been brought in the transferee court. Second, the court must evaluate ... several factors relating to the convenience of transfer and the interests of justice." Id. (internal quotation marks omitted). These factors are:

> "(1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

*Ahrens v. CTI Biopharma Corp.*, 16 Civ. 1044 (PAE), 2016 WL 2932170, at *2 (S.D.N.Y. May 19, 2016); *accord Bredder v. City of New York*, No. 22-CV-4293 (VSB), 2023 WL 2734462, at *1–2 (S.D.N.Y. Mar. 31, 2023).

      Before, getting to those factors, begin with the basic rule that just because a case ***could*** have been brought in the Southern District of New York is not enough on its own to mean it must have — or to warrant transferring this matter out of the Eastern District of New York. That is, even if "the locus of

operative facts is in" the Southern District, that "factor alone is not sufficient to grant a transfer." *Bredder*, 2023 WL 2734462, at *4. Nor is there *no* connection to the Eastern District: Plaintiff Hilary Steadman lives in Brooklyn, New York (Dkt. No. 9 ("FAC") at ¶8) and Plaintiff Kristin Herbeck lives in Queens, New York (FAC at ¶9), both are within the jurisdiction of the Eastern District of New York. So, as set out below, Plaintiffs' choice of venue must be given significant weight in light of the fact the remaining factors are neutral. "The plaintiff's choice of forum should rarely be disturbed" unless the balance of justice requires a move in favor of the defendant. *Leslie v. City of New York, et al.,* No. 12 Civ. 849 (KBF), 2012 WL 1744842 at *2 (S.D.N.Y May 15, 2012) (*quoting D.H. Blair & Co. v. Gottdiener*, 462 F. 3d 95, 107 (2d Cir. 2006)); *see also Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001).

With that said, Defendants end their letter by alluding to the second part of the rule that "plaintiffs' choice of forum is accorded less weight where the plaintiffs' chosen forum is **neither their home** nor the place where the operative facts of the action occurred." Dwyer v. Gen. Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y.1994) (emphasis added). *See also, Larew v. Larew*, No. 11 Civ. 5771 (BSJ) (GWG), 2012 WL 87616 at *3 (S.D.N.Y. Jan. 10, 2012) (citing *Arce v. City of New York*, No. 08 Civ. 3871 (JSR), 2008 WL 2774447, at *1 (S.D.N.Y. July, 16, 2008)); *Habrout*, 143 F. Supp. 2d at 401; *Savarese v. City of New York*, No. 18 CIV. 5956 (ER), 2019 WL 2482387, at *4 (S.D.N.Y. June 13, 2019). But this fuller articulation of the rule is left out of Defendants' description of the standard, which cites two unpublished decisions. *See* Dkt. No. 17 at 3, *citing* Pager v Metro. Edison, 2017 US Dist LEXIS 227201, at *5 (EDNY May 19, 2017) and *Baker v Coughlin*, 1993 US Dist LEXIS 12445, at *11 (SDNY Sep. 9, 1993). The cases Defendants cite ***do*** talk about the locus of operative facts without mentioning a Plaintiff's residence, but they do so because residence is irrelevant in those cases.[1]

Moving on to the various factors, the balance is either neutral or disfavors transfer.[2]

**Convenience (Factors 1 and 2).** As far as the first and second factors (convenience for witnesses and parties), "there is not much difference in convenience between the federal court in Manhattan and the federal court in Brooklyn." *Leslie*, 2012 WL 1744842 at *1; see also Arce, 2008 WL 277447, at *1. The Southern and Eastern District courthouses are located less than three miles from each other, which virtually eliminates any inconvenience faced by parties in maintaining an action in the Southern District rather than the Eastern District of New York. *See Benjamin v. City of New York*, 15 Civ. 2220 (KPF), 2015 WL 1632459 at *3 (S.D.N.Y. 2015); *see also Leslie*, 2012 WL 1744842 at *1; *Arce*, 2008 WL 2774447, at *1; *Savarese v. City of New York*, No. 18 CIV. 5956 (ER), 2019 WL 2482387, at *7 (S.D.N.Y. June 13, 2019). Therefore, the Court's "transfer determination will turn on an analysis of the nine 'convenience' factors' and any other factors particular to this case." *Monfried v Sigma Fin. Corp.*, No. 15-CV-2806 (VSB), 2016 US Dist LEXIS 200279, at *5 (SDNY June 7, 2016).

Indeed, Defendants fail to specify any inconvenience and do not allege to suffer any burden by remaining in the Eastern District even if the operative facts occurred within the jurisdiction of the Southern

---

[1] For instance, *Pager* quotes from another decision, with these ellipses and modifications: "the weight afforded will be . . . reduced if . . . the operative facts did not occur in the forum that [they have] chosen." 2017 US Dist LEXIS 227201, at *5. But in context, the case *Pager* is quoting from suggests that the amount the weight of forum selection is reduced is more limited: "many cases recognize that the weight afforded plaintiff's choice of forum will be doubly reduced if, first, plaintiff is not a resident of the forum, and, second, the operative facts did not occur in the forum that he has chosen." *Costello v Target Corporate Servs*., 2016 US Dist LEXIS 74680, at *3 (EDNY June 8, 2016). So, while perhaps there is some discount, because Plaintiffs reside in the district — unlike the cases Defendants cite — there is still some substantial weight on that factor.
[2] Additionally, Defendants' reference to *Makkawi* does not ground itself in any caselaw on transfer. And while Defendants acknowledge there is no overlap in the class definitions, even where class actions cover the same ground across multiple districts, any procedural remedy likely lies in filing with the multi-district litigation panel.

2

District. The fact that the Eastern and Southern District courthouses are a mere two miles apart has prompted judges in this District and the Eastern District to weigh this factor neutrally. *See e.g. Savarese v. City of New York*, No. 18 CIV. 5956 (ER), 2019 WL 2482387, at *7 (S.D.N.Y. June 13, 2019); *Smith v. Ouimet*, No. 16-CV-184 (JLC), 2016 WL 3020825, at *3 (S.D.N.Y. May 19, 2016); *Park v. McGowan*, No. 11-CV-3454 JG CLP, 2011 WL 6329797, at *4 (E.D.N.Y. Dec. 16, 2011).

**Location of Documents (Factor 3).** Because relevant documents would most likely be maintained electronically, including Body Worn Camera Video and Documents maintained by the NYPD and the City of New York, Defendants can easily access said sources of proof rendering this factor neutral. *See Marom v. City of New York,* No. 15-CV-2017 (PKC), 2017 WL 1437195, at *1 (S.D.N.Y. Apr. 21, 2017). In the digital age where documents can be transferred relatively simply, the situs of documents is largely irrelevant. *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 441 (S.D.N.Y. 2018) ("In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." (internal quotation marks omitted)). *Bredder*, No. 22-CV-4293 (VSB), 2023 WL 2734462, at *6.[3] And even if this were not the case, at least one Defendant and other relevant officers appear to be stationed within the Eastern District, so records about those parties would likely be in the Eastern District.[4]

**Locus of Operative Facts (Factor 4).** Defendants are correct the protest at issue took place within the Eastern District, which means this factor weighs in favor of transfer. *Accord, e.g., Bredder*, 2023 US Dist LEXIS 57060, at *8.

**Availability of Process, Relative Means, Forum Familiarity, and Trial Efficiency (Factors 5, 6, 7, and 9)**. "Plaintiff[s] and all of the identified defendants work or reside within 100 miles of both the Southern and Eastern Districts and neither party identified any other witnesses," so because subpoena power does not meaningfully differ between the two forums, process weighs neutrally. *Bredder*, 2023 US Dist LEXIS 57060, at *8. So too for relative means of the parties and the Court's familiarity with the law. *Id.* at *8-9. Likewise, trial efficiency would be the same in both forums. *Id.* at *10.

**Plaintiff's Choice of Forum (Factor 8).** As alluded to above, "motions to transfer should be evaluated from a strong baseline in favor of the plaintiff's choice of forum." *Bredder*, 2023 US Dist LEXIS 57060, at *9. Whatever forum a plaintiff choses is "a decision that is given great weight." *D.H. Blair & Co. v Gottdiener*, 462 F3d 95, 107 (2d Cir 2006). And that is true even if the locus of operative facts is across the river: "Plaintiff[s] do[] reside in the [Eastern] District of New York" and "[t]herefore" the Court should "accord weight to Plaintiff's choice of forum, and this factor weighs against transfer." *Bredder*, 2023 US Dist LEXIS 57060, at *9-10.

That leaves one factor in favor of transfer and one factor against, with the rest neutral. Defendants "must make a clear and convincing showing that transfer is proper" to prevail, and "[a]lthough the locus of operative facts is in the [Southern] District, this factor alone is insufficient to warrant a transfer of this case." *Bredder*, 2023 US Dist LEXIS 57060, at *10-11. The motion should be denied.

---

[3] In addition, the District Attorney's Office of New York ("DANY") declined to prosecute the charges against Plaintiff Ms. Steadman, *see* Dkt. No. 9 Compl. at ¶71, and dismissed the charges against Plaintiff Ms. Herbeck, *see* Dkt. No. 9 Compl. at ¶89. As such, the DANY is highly unlikely to have substantial records. And, at any rate, the parties would seek any records the DANY does have by subpoena, and they would be produced electronically.

[4] Defendant Candice Richards is assigned to command PSA 3, whose location is in Brooklyn (25 Central Avenue, Brooklyn, NY 11206). Additionally, many other officers involved in the protest — including P.O. Christopher Snagg, P.O. Joel Allen, Sgt. Jason Portee, P.O. Ross Richards, and Det. Specialist Matthew Coffaro — are stationed within the Eastern District.

We thank Your Honor for your time and attention to this matter.

Sincerely,

*[signature]*

_____
Tahanie A. Aboushi, Esq.

4