**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------- X                **25-cv-6321 (DEH)**

MONÉ MAKKAWI, ROHAAN GILL, LOAY
ELASMAR, MIGUEL FIGUEROA, AHMED
ELSAYED, ARIB HASAN, CARLA TEJADA,
BENJAMIN WILSON, ETHAN WRIGHT, MALIK
SALTI, and BRYAN VIVAS, *on behalf of themselves*
*and others similarly situated,*

                                 Plaintiffs,

     - against -

THE CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT ("NYPD") SERGEANT JOEL A.
MOTTOLA; NYPD DEPUTY CHIEF TIMOTHY J.
BEAUDETTE; NYPD OFFICER HOWARD
THORNTON; NYPD LIEUTENANT MICHAEL
BUTLER; SERGEANT TALHA AHMAD; NYPD
OFFICER OMAR DELAROSA; NYPD DEPUTY CHIEF
JESSE LANCE; NYPD DETECTIVE BRIAN GREIG;
NYPD SERGEANT ANDONIOS CONSTANTATOS;
NYPD OFFICER JOSEPH CUNNINGHAM;
ASSISTANT CHIEF JAMES MCCARTHY; NYPD
OFFICER STEVEN LI; NYPD OFFICER JOAHAN
GOMEZ; NYPD LIEUTENANT RICARDO
LAWRENCE; NYPD OFFICER HIRAM VELEZ; NYPD
MEMBER AHEISHA GRANT; AND NYPD JOHN OR
JANE MEMBER DOES 1-25;

                                 Defendants.

---------------------------------------------------------------------- X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFNEDANTS' MOTION
TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT OR,
ALTERNATIVELY, TRANSFER THIS ACTION TO THE EASTERN DISTRICT OF NEW
YORK PURSUANT TO THE SECOND CIRCUIT'S FIRST-FILED RULE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................. iii

PRELIMINARY STATEMENT ..................................................................................................... 1

PROCEDURAL HISTORY .............................................................................................................. 3

STATEMENT OF FACTS ................................................................................................................ 6

LEGAL STANDARD ........................................................................................................................ 7

ARGUMENT ..................................................................................................................................... 8

   I.   THE *STEADMAN* COURT HAS ALREADY DENIED DEFENDANTS' EFFORTS
       TO HAVE *MAKKAWI* AND *STEADMAN* MERGED INTO THE SAME PUTATIVE
       CLASS ....................................................................................................................................... 8

  II.  *STEADMAN* AND *MAKKAWI* ARE NOT "COMPETING LAWSUITS" AND ARE
       NOT "SUBSTANTIALLY SIMILAR" THUS APPLICATION OF THE FIRST-
       FILED RULE SHOULD BE REJECTED ........................................................................ 10

 III.  THE "BALANCE OF CONVENIENCE" WARRANTS DENIAL OF DEFENDANTS'
       MOTION ................................................................................................................................ 11

     A.   The Interests of Justice Warrant Denial of Defendants' Motion ........................................ 13

     B.   Defendants' Cases Highlight Reasons for Denying Defendants' Motion .......................... 14

     C.   The meaningfully different, class-wide resolutions in *Sierra* and *Sow*, that the City itself
       agreed to, highlight why the two cases are not inherently the same class. ........................ 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*7thonline, Inc. v. Colony Brands, Inc.,* 2025 U.S. Dist. LEXIS 147699 (S.D.N.Y., July 31, 2025) ...9

*Burke v. Bimbo Bakeries USA, Inc.,* 2019 U.S. Dist. LEXIS 198263 (N.D.N.Y. 2019) .................16

*Castillo v. Taco Bell of Am., LLC*, 960 F.Supp. 2d 401 (E.D.N.Y. 2013) ........................................16

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) .......................................................7

*Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271 (2d Cir. 2008) .........................8

*First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989) ......................................8

*Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F. Supp. 993 (S.D.N.Y. 1990)....................................11

*Goldberger v. Bear, Stearns & Co*., 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y., 2000) ....................16

*Griffin Industries, Inc. v. Petrojam, Ltd.*, 58 F. Supp. 2d 212 (S.D.N.Y. 1999)...............................12

*GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421 (S.D.N.Y. 1998)....................................................11

*In re Cuyahoga Equip. Corp.*, 980 F.2d 110 (2d Cir. 1992) ..............................................................10

*In re Peleton Interactive, Inc.,* 2022 U.S. Dist. LEXIS 76601 (E.D.N.Y. Jan. 26, 2022) ................10

*Invivo Research v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 2000 U.S. Dist. LEXIS

    16101, *20-21 (S.D.N.Y., 2000).................................................................................................12

*Jeffrey v. DTG Operations, Inc.*, 2020 U.S. Dist. LEXIS 56265 (E.D.N.Y. 2020) ....................15, 16

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 96 L. Ed. 200, 72 S. Ct. 219 (1951)12

*Kinkead v. Humana at Home, Inc.,* 330 F.R.D. 338 (D. Conn. 2019) ...............................................16

*Manchin v. PACS Grp., Inc.*, 2025 U.S. Dist. LEXIS 83629 (S.D.N.Y. 2025) ................................13

*Marin v. Apple-Metro, Inc.,* 2017 U.S. Dist. LEXIS 165568 (E.D.N.Y. 2017)................................16

*Marsh & McLennan Agency LLC v. Alliant Ins. Servs.*, 2025 U.S. Dist. LEXIS 182840 (S.D.N.Y.

    Sept. 18, 2025) .......................................................................................................................9

iii

*McKinney v. Stanley*, No. 24-cv-8860 (VEC), 2025 U.S. Dist. LEXIS 142967 (S.D.N.Y. July 25, 2025)........................................................................................................................................15

*MSK Ins. V. Emps. Reinsurance Corp.,* 212 F. Supp. 2d 266  (S.D.N.Y. 2002) .................................9

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102  (2d Cir. 2010).................7

*Oleg v. Cassino,* 2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012) .....................................15

*Recoton Corp. v. Allsop, Inc.*, 999 F. Supp. 574, 1998 U.S. Dist. LEXIS 4493 (S.D.N.Y, 1998) ....12

*Rights To Be v. Bondi*, No. 25-cv-3676 (KAM) (CLP), 2025 U.S. Dist. LEXIS 181427 (E.D.N.Y. Sep. 16, 2025)........................................................................................................................15

*Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150 (S.D.N.Y. 1996)....................................12

*800- Flowers, Inc.*, 860 F. Supp. at 133; *S-Fer Int'l., Inc. v. Paladion Partners, Ltd.*, 906 F. Supp. 211 (S.D.N.Y. 1995) ..............................................................................................................12

*Top Office Pros Bus. Servs. v. JPMorgan Chase Bank N.A.*, No. 25-CV-2544 (GHW) (HJR), 2025 U.S. Dist. LEXIS 192335 (S.D.N.Y. Sep. 29, 2025) ....................................................................14

*United States v. New York,* No. 25-cv-3656 (PKC), 2025 U.S. Dist. LEXIS 149744 (S.D.N.Y. Aug. 4, 2025)........................................................................................................................8, 15

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235 (E.D.N.Y. 2012) ..............8, 15

*Zainfeld* or *Walsh v. Nelnet Servicing, LLC*, No. 24 Civ. 4325 (DEH), 2025 U.S. Dist. LEXIS 137297 (S.D.N.Y. July 18, 2025)............................................................................................11, 13

## PRELIMINARY STATEMENT

While there are overlapping policies at issue, the New York City Police Department's (NYPD) conduct in *Steadman, et al., v. the City of New York, et al.*, 25-cv-4081 (RER)(MMH) involved the only large-scale kettling of protesters since the Defendant City of New York's ("City") settlement in *In Re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (CM)(GWG).[1] Despite this distinction, Defendants' Motion to Dismiss ("Defendants' Motion") represents their second attempt to change venue between this case and *Steadman,* and have both cases merged into the same putative class. The Court should deny Defendants' recent iteration of this request.

On September 5, 2023, the parties in *In Re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (CM)(GWG) filed a settlement agreement where they agreed, in part, as follows:

> 68. Encirclement, when used as an arrest circle, cannot be used except to effectuate the arrest on individualized probable cause of one or more specific individuals, subject to the Red Light/Green Light policy, within a crowd. The NYPD must only seek to encircle the individual or individuals within a crowd who are the target of the particular arrest. To the extent that any other individuals as to whom there is not individualized probable cause to execute an authorized arrest are inadvertently or mistakenly encircled, such individuals must be permitted to exit the encirclement formation immediately, and officers must facilitate those individuals' exit at the earliest moment possible. Enclosing individuals with an intent to take police action against them without having individualized probable cause is what the Plaintiffs have defined as "kettling." The NYPD shall not engage in such a tactic.

---

[1] Judge Reyes was referring to the multiple, separate cases and class actions arising out of the 2020 Black Lives Matter Protests which were precipitated by the murder of George Floyd. This collection of cases involved at least one class action filed in the E.D.N.Y., *Jeffrey, et al., v. The City of New York, et al.,* 20-cv-2843 (NGG)(RML), and two class actions in the S.D.N.Y.: *Sierra, et al., v. The City of New York, et al.,* 20-cv-10291 and *Sow, et al., v. City of New York, et al*., 21-cv-0533. *Jeffrey* was never forced to be part of the same putative class of any other case. Both the *Sierra* and *Sow* classes were certified separately and resulted in separate settlement amounts to the class members. The City is not requesting that the Court consolidate *Makkawi* and *Steadman* here; rather the City requested the Court merge these cases into the same putative class, but the City has not consented to certification.

Declaration of Jessica Massimi ("Massimi Decl."), Ex. 5, *In Re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (CM)(GWG), Settlement Agreement ("2023 Settlement Agreement"), ¶68. In sum, the 2023 Settlement Agreement prohibits the NYPD from using large scale indiscriminate kettling of protesters. The NYPD's conduct in *Steadman* violates that specific prohibition writ large. As such, *Steadman* and *Makkawi* warrant separate treatment. While *Makkawi* makes one mention that "members of the NYPD kettled" protesters on October 21, 2023 (25-cv-6321, ECF No. 9, ¶65), the violation in *Steadman* was of a much larger scale, limited to one specific time and location, and appears to have been pre-planned. *Steadman* Docket, ECF No. 9., ¶¶ 39, 40, 75-79; *see also* Massimi Decl. ¶13.

Defendants' arguments – specifically their incorrect implication that Plaintiffs are forum shopping – have essentially been made once prior, and were rejected, by the Honorable Ramón E. Reyes. In so doing, Judge Reyes stated "It's a different protest. I'm not going to predetermine the facts. There may be differences, there may not be. And we've been here before in the George Floyd context." Massimi Decl., Ex. 1, *Steadman* Conference Transcript. In furtherance of their first attempt to move either case for any reason, Defendants conceded *Makkawi* was appropriately filed, admitting: "The *Makkawi* [attorneys] opted, appropriately, to file that litigation in the Southern District of New York." Massimi Decl., Ex. 2, Defendants' *Steadman* Pre-Motion Conference Letter. Defendants presumably admitted this because *Makkawi* is a much broader class. Having failed to combine the narrower class (*Steadman*) into the larger class (*Makkawi*), the reverse should not be permitted where it would require imposing a broader class on a much narrower class. The Court should deny Defendants' efforts to seek a second, different result in light of Defendants' own admissions that *Makkawi* is in the appropriate venue, and Judge Reyes' ruling that *Steadman* would remain in a separate venue. Instead, as Judge Reyes ruled, the parties should coordinate discovery in the two

2

cases. The parties have already agreed on how to coordinate the cases and have submitted a joint coordination order. Massimi Decl., Ex. 4. The City and the same attorneys of record here have already successfully coordinated discovery in similar (but separate) protest class actions from the Summer of 2020. Judge Reyes's order as to how these two cases should proceed promotes efficiency, has been done successfully before, and should be honored. Defendants should not be permitted to circumvent Judge Reyes' Order by petitioning this court to do what Judge Reyes already said he would not.

## **PROCEDURAL HISTORY**

On July 24, 2025, Hilary Steadman filed *Steadman., v. the City of New York, et al.*, 25-cv-4081 (RER)(MMH). On July 29, 2025, Kristin Herbeck and Hilary Steadman filed an Amended Complaint on behalf of themselves and a putative class. *Steadman* Docket, ECF No. 9.

On August 29, 2025, Defendant City of New York filed a request for a 60-day enlargement of time to answer or otherwise respond to the *Steadman* Amended Complaint. *Steadman* Docket, ECF No. 16. The *Steadman* Court granted the City's request and extended its time to answer or otherwise respond to the *Steadman* Amended Complaint to October 31, 2025.

On September 23, 2025, in *Steadman*, the City filed a pre-motion conference letter requesting that the *Steadman* Court transfer venue of that case to the Southern District of New York to proceed before this Court. *Steadman* Docket, ECF No. 17; *see also* Massimi Decl., Ex. 2.

In their pre-motion conference letter, the City admitted that "The *Makkawi* [attorneys] opted, appropriately, to file that litigation in the Southern District of New York. That matter has been assigned to Judge Dale E. Ho." Massimi Decl., Ex. 2, p. 2. On November 4, 2025, Judge Reyes held a pre-motion hearing regarding the City's request to transfer venue of *Steadman* to the Southern District. *Steadman* Docket, ECF No. 21. Massimi Decl., Ex. 3, *Steadman* Minute Entry. During the

*Steadman* pre-motion hearing, Judge Reyes denied the City's motion to change venue and stated "It's a different protest. I'm not going to predetermine the facts. There may be differences, there may not be. And we've been here before in the George Floyd context." Massimi Decl., Ex. 1, *Steadman* Conference Transcript. Judge Reyes then addressed how discovery would proceed between *Steadman* and *Makkawi,* stating as follows:

> You folks are going to have to get with Judge Marutollo to figure out a schedule for discovery. **You're also going to have to work towards a coordination order**, if you will, like I think they had in the George Floyd protest case. I mean, that might be a little difficult because the City's still working through the representation issues in the *Makkawi* case. It might take a little time, but I think it's something you could probably start doing now. I mean, you have a template for it, so **it shouldn't be too hard. But that's what we're going to do.**

Ex. 1, p. 17 (emphasis added). Thereafter, the *Steadman* Court filed the minutes from the pre-motion conference essentially memorializing what was said, and ordering the parties "to meet and confer on a coordination order, following the template created by the George Floyd protest cases." Massimi Decl., Ex. 3, *Steadman* Minute Entry.

At no point did the *Steadman* Defendants raise with Judge Reyes the applicability of the "first-filed rule" nor ask that Judge Reyes even consider this rule, nor did they file this instant motion contemporaneously with their motion to change venue filed in *Steadman*. Instead, having already conceded to Judge Reyes that *Makkawi* was filed in the appropriate venue in the Southern District, and having lost their first attempt to have *Steadman* and *Makkawi* merged into the same putative class, the City subsequently filed their instant request to have this Court apply the "first-filed rule" and move *Makkawi*. In other words the City is attempting to instigate the duplicative litigation they claim to want to avoid.

On November 12, 2025, the City of New York filed a letter in *Steadman* requesting that the initial conference in *Steadman* then scheduled for November 18, 2025 be adjourned and that the Court

relieve the *Steadman* Defendants "of their obligation to meet and confer on a discovery coordination order, following the template created by the George Floyd protest cases." *Steadman* Docket, ECF No. 24. On November 12, 2025, the Honorable Joseph A. Marutollo denied the Defendants' requests to adjourn the initial conference or relieve them of their obligations concerning the coordination order.

On November 14, 2025, the *Steadman* parties complied with Judge Reyes' Order that they "meet and confer on a coordination order" and filed their proposed discovery schedule and coordination order. *Steadman* Docket, ECF No. 27-2; Massimi Decl. Ex. 4. In the proposed coordination order, the parties agreed that "Counsel in [*Steadman*] will avoid seeking discovery in this matter that is duplicative of discovery in *Makkawi*" (*Id*. at ¶2); "All discovery, including document and deposition discovery, that has been and will be produced or conducted in *Makkawi*, is deemed part of *Steadman*, subject to any confidentiality restrictions in place as to such discovery in *Makkawi*," (*Id*. ¶6); "Neither party will be required to re-disclose discovery in *Makkawi* in *Steadman*," (*Id*. ¶7); "All rulings on the scope of discovery in *Makkawi* shall apply with equal force to [*Steadman*], except to the extent otherwise ordered by this Court," (*Id*. at ¶8); "All depositions taken at any point in *Makkawi* may be used in [*Steadman*] as if conducted in [*Steadman*]," (*Id*. at ¶9); No deposition of a witness or party conducted in *Makkawi* shall be conducted in [*Steadman*] without leave of this Court," (*Id*. at ¶10).

On August 1, 2025, Plaintiff Monè Makkawi filed her Complaint in this case. On August 11, 2025, Plaintiff Monè Makkawi filed an Amended Complaint adding Plaintiff's Rohaan Gill, Loay Elasmar, Miguel Figueroa, Ahmed Elsayed, Arib Hasan, Carla Tejada, Benjamin Wilson, Ethan Wright, Malik Salti, and Bryan Vivas on behalf of themselves and a putative class. *Makkawi* Docket, ECF No. 9. On September 17, 2025, the parties filed a letter requesting an extension of time for the Defendants to respond to the Amended Complaint, and an adjournment of the initial conference.

5

*Makkawi* Docket, ECF No. 22. The Court granted both requests, ordered the Defendants to respond to the Amended Complaint by December 1, and scheduled the initial conference for December 2, 2025.

On November 12, 2025, Defendants filed a motion to stay this case citing a pending CCRB investigation. *Makkawi* Docket, ECF NO. 27. Having already lost their request to transfer venue in *Steadman* the Defendants made no mention in their *Makkawi* request to stay of the "first-filed rule." Plaintiffs opposed and the Court denied Defendants' request for a stay. *Makkawi* Docket, ECF No. 30. On November 25, 2025, the parties filed their proposed case management plan.

On December 1, 2025, nearly one month after Judge Reyes denied the City's *Steadman* motion to change venue and ordered the parties to submit a proposed coordination order, the City filed this motion.  Once again, the City seeks to have both *Makkawi* and *Steadman* merged into the same putative class, this time under the guise of the "first-filed rule." For the reasons set forth below, Defendants' motion fails both procedurally and on the merits. As such, Plaintiffs respectfully request that the Court deny Defendants' motion in its entirety.

## <u>STATEMENT OF FACTS</u>

The NYPD's *Steadman* kettling is a clear violation of the 2023 Settlement Agreement provision prohibiting kettling, *Steadman* Docket, ECF No. 9., ¶¶ 39, 40, 75-79; *see also* Declaration of Jessica Massimi, Ex. 5, ¶68, and was done on such a large scale that high levels of NYPD and CUNY planning were necessary to effectuate it, implicating unique categories of discovery likely irrelevant to *Makkawi*. The NYPD's exceptionally gratuitous use of force and kettling in *Steadman* warrants distinct attention and is stark and clear example of the NYPD's and City's failure to comply with the NYPD training requirements arising out of the Summer 2020 Geroge Floyd protests for

Black Lives case settlements. *Steadman*'s central focus is NYPD conduct on April 30, 2024 outside of CUNY City College on Amsterdam Avenue between 135th and 138th Streets. Therefore, while there are overlapping polices and parties with *Makkawi*, the core focus of *Steadman* is distinct.

Some of these differences were discussed by Plaintiffs' counsel at the *Steadman* conference: *Makkawi* and *Steadman* were filed separately because **(1)** the *Steadman* police tactics such as kettling and use of force were particularly egregious and distinct; **(2)** *Steadman* concerns a finite area and group of people; and **(3)** upon information and belief the NYPD had a specific high-level plan (likely in conjunction with CUNY administration) going up to Mayor Adams to get into CUNY on that day, move protesters outside, and arrest them en masse. Massimi Decl., Ex. 1, pp. 8, 16.

Having heard and considered these arguments from Plaintiffs' counsel, Judge Reyes denied the City's request to have *Makkawi* and *Steadman* merged into the same putative class. Requiring the two cases merged into the same putative class under the guise of a slightly different legal mechanism (this time a motion pursuant to the first-filed rule) would force the result Judge Reyes already declined to implement. As the Judge in the "first-filed" case (as Defendants put it), the text and spirit of Judge Reyes' decision should receive deference and each case should be allowed to proceed where it is currently filed, as separate putative classes.

## LEGAL STANDARD

"The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). "The rule 'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation and honoring the plaintiff's choice of

forum." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). "Proper application of the 'first-filed' rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012). As set forth below, there is an "antecedent question" and exceptions to the first-filed rule warranting denial of Defendants' Motion.

Even if the first-filed rule were to apply, and as set forth below Plaintiffs argue it should not, none of first-filed rule's policy considerations will be fulfilled by transfer of this case. Inconsistent adjudication is an unlikely issue since this matter and *Steadman* are within the same circuit, both courts are aware of both cases, and the parties are coordinating discovery. In *United States v. New York*, No. 25-cv-3656 (PKC), 2025 U.S. Dist. LEXIS 149744, at *6 (S.D.N.Y. Aug. 4, 2025),[2] cited by Defendants, the Court actually denied the City's motion pursuant to the first-filed rule and stated "[w]hile the risk of inconsistent adjudications is noted, its impact is muted by the circumstance that the three actions are all within the same Circuit." *Id.* Duplicative discovery or waste of resources is an unlikely threat since the parties have submitted a proposed discovery coordination order pursuant to Judge Reyes' Order.

## ARGUMENT

### I. THE *STEADMAN* COURT HAS ALREADY DENIED DEFENDANTS' EFFORTS TO HAVE *MAKKAWI* AND *STEADMAN* MERGED INTO THE SAME PUTATIVE CLASS

As an initial matter, "[b]efore deciding whether the first-filed rule applies, there is an

---

[2] Similar to Defendants, Plaintiffs are aware of the Court's Individual Rules requiring citations to Westlaw where possible. This firm only subscribes to LexisNexis, and apologizes for the inconvenience.

antecedent question: *which court* should decide where the case should proceed?" *Marsh & McLennan Agency LLC v. Alliant Ins. Servs.*, 2025 U.S. Dist. LEXIS 182840 (S.D.N.Y. Sept. 18, 2025) (emphasis in original) (citation and quotation marks omitted). "Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first filed rule, or alternatively, an exception to the first filed rule, applies." *7thonline, Inc. v. Colony Brands, Inc.,* 2025 U.S. Dist. LEXIS 147699 (S.D.N.Y., July 31, 2025) (citing cases).[2] "The Court before which the first-filed action was brought determines which forum will hear the case." *Id.* (*citing MSK Ins. V. Emps. Reinsurance Corp.,* 212 F. Supp. 2d 266, 267-68 (S.D.N.Y. 2002). "Although the Circuit has advised that this approach is not mandatory . . . several courts in this district have described this practice a bright-line rule." *Marsh & McLennan Agency LLC*, at *3 (citations and quotation marks omitted).

"[T]his question is not an academic one" where a "motion to dismiss or transfer venue" has been filed in the other district. *Marsh & McLennan Agency LLC*, at *3. In *Marsh & McLennan Agency LLC* the Honorable Ronnie Abrams stayed an S.D.N.Y. cases pending resolution of an Oregon District Court's "ruling on the motion to dismiss or transfer venue pending in that action." *Marsh & McLennan Agency LLC*, 2025 U.S. Dist. LEXIS 183941, at *10-11 (holding that "deferring to the Oregon court to make a preliminary determination as to the appropriate forum is consistent with this district's general practice of deferring such questions to the first-filed court"). Here, the parties are one step ahead: Defendants' motion to transfer venue in *Steadman* has already been made, ruled upon, denied, and Judge Reyes ordered the parties to submit a discovery coordination Order between the two cases which they have done.

---

[2] To state the obvious, Defendants have not cited any precedent where having lost a motion to transfer venue in the first filed case, the same party was granted its second effort in the form of a subsequent first-filed motion in front of the second-filed court.

Similarly, *7thonline* involved one case filed first in the Western District of Wisconsin, and one case filed in the Southern District of New York. In that case, the Honorable Gregory H. Woods stayed the S.D.N.Y. case pending a decision from the Western District of Wisconsin "because the court in the [first filed action] should decide whether special circumstances of convenience factors warrant that the case proceed in [the S.D.N.Y.]." While no such stay is necessary here since Judge Reyes, as the Judge in the first-filed case, has already ruled on these issues, Judge Woods' deference to the Court in the first filed case was correct and should be the result here.

As noted above, Judge Reyes has already addressed this, ruling: "It's a different protest. I'm not going to predetermine the facts. There may be differences, there may not be. And we've been here before in the George Floyd context." Massimi Decl., Ex. 1, *Steadman* Conference Transcript. Moreover, in furtherance of their first attempt to move either case for any reason, Defendants conceded *Makkawi* was appropriately filed, admitting: "The *Makkawi* [attorneys] opted, appropriately, to file that litigation in the Southern District of New York." Massimi Decl., Ex. 2, Defendants' *Steadman* Pre-Motion Conference Letter.

## II.    *STEADMAN* AND *MAKKAWI* ARE NOT "COMPETING LAWSUITS" AND ARE NOT "SUBSTANTIALLY SIMILAR" THUS APPLICATION OF THE FIRST-FILED RULE SHOULD BE REJECTED

The "first-filed rule" applies "when identical or substantially similar parties and claims are present in both courts." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-117 (2d Cir. 1992). As such, the rule cannot apply here: The *Steadman* proposed class is far narrower than the *Makkawi* class, precluding application of the first-filed rule. The Defendants fail to cite any case where a Court ordered a broad class spanning several years and locations (*Makkawi*) to be superimposed on a discrete class defined by a single day and location (*Steadman*).

In *In re Peleton Interactive, Inc.,* 2022 U.S. Dist. LEXIS 76601 (E.D.N.Y. Jan. 26, 2022) the

10

Court denied Defendants' motion pursuant to the first-filed rule where the "[m]oving Defendants point[ed] out certain similarities between the cases in the two districts: they involve overlapping defendants; they assert causes of action under the same laws; their class periods overlap; and evidence of alleged misstatements might be found in some of the same public filings. But Moving Defendants admit, as they must, that the claims in each district are distinct. . . . Moreover, although the class periods overlap, they are not coextensive." *Id.* at *7-8. In *Peleton*, the Court further reasoned that "a speculative chance that the cases might someday overlap fails to justify transfer of venue." *Id.* Similarly, here, while *Steadman* and *Makkawi* have similarities, *Steadman*'s narrow time and location and focus on Defendants' violation of the 2023 Settlement Agreement warrants denial of Defendants' second motion to have the cases merged together as the same putative class.

## III.   THE "BALANCE OF CONVENIENCE" WARRANTS DENIAL OF DEFENDANTS' MOTION

"Where the first-filed rule is found applicable, the decision of whether to stay or dismiss a proceeding rests within the district judge's discretion." *Zainfeld v. Vivid Seats, LLC*, 2024 U.S. Dist. LEXIS 91179, *3 (S.D.N.Y. May 20, 2024). There are generally two exceptions to the first-filed rule: "[T]he court must still determine whether the balance of convenience or special circumstances militate against giving precedence to the first-filed [] action, since a court need not proceed by mechanical reference to filing dates." *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998); *see also Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F. Supp. 993, 996 (S.D.N.Y. 1990).

The Supreme Court has endorsed a case-specific approach to the first filed rule, and has held that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such

11

problems." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 96 L. Ed. 200, 72 S. Ct. 219 (1951)**.** A lack of progress in either litigation may also warrant an exception to the first-filed rule. *See Griffin Industries, Inc. v. Petrojam, Ltd.*, 58 F. Supp. 2d 212, 218 (S.D.N.Y. 1999) (citations omitted); *Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996) (citations omitted); *Invivo Research v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 440-441, 2000 U.S. Dist. LEXIS 16101, *20-21 (S.D.N.Y., 2000). Here, given that both cases are in the same stage and the parties in both cases intend to conducted coordinated discovery, Defendants' Motion should be denied.

The balance of convenience between competing jurisdictions is left to the sound discretion of the district court. *Recoton Corp. v. Allsop, Inc.*, 999 F. Supp. 574, 576, 1998 U.S. Dist. LEXIS 4493, *5 (S.D.N.Y, 1998). Weighing the balance of conveniences in the context of a first-filed rule analysis requires consideration of the same factors that apply to the decision of whether transfer is appropriate under 28 U.S.C. § 1404(a). *See, e.g., 800- Flowers, Inc.*, 860 F. Supp. at 133; *S-Fer Int'l., Inc. v. Paladion Partners, Ltd.*, 906 F. Supp. 211, 216 (S.D.N.Y. 1995). Thus, "the first-filed doctrine does not supersede the inquiry into the balance of convenience required under § 1404." *Recoton* (internal citation and quotation marks omitted).

In *Zainfeld*, this Court noted that the following factors are relatively neutral with regard to transfer: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) cost of obtaining the presence of witnesses; (5) relative ease of access to sources of proof; (6) calendar congestion; or (7) where the events in issue took place. *Zainfeld*, at *4.

While this Court further noted that Plaintiff's choice of venue is less determinative in class actions," *Id.* at *5, other cases have noted that "affording less deference to representative plaintiffs

does not mean they are deprived of all deference in their choice of forum." *Manchin v. PACS Grp., Inc.*, 2025 U.S. Dist. LEXIS 83629 (S.D.N.Y. 2025). Thus, the *Makkawi* Plaintiffs' choice of venue should be weighed in their favor especially in light of Defendants' prior admission that *Makkawi* was filed in the appropriate venue.

## A.  The Interests of Justice Warrant Denial of Defendants' Motion

This leaves "the interests of justice" as the sole factor for analysis, which involves a Court assessing whether there is "significant overlap" between the actions such that they should be combined in the same Court. As noted above, Judge Reyes has already addressed this, ruling: "It's a different protest. I'm not going to predetermine the facts. There may be differences, there may not be. And we've been here before in the George Floyd context." Massimi Decl., Ex. 1, *Steadman* Conference Transcript. Moreover, in furtherance of their first attempt to move either case for any reason, Defendants conceded *Makkawi* was appropriately filed, admitting: "The *Makkawi* [attorneys] opted, appropriately, to file that litigation in the Southern District of New York." Massimi Decl., Ex. 2, Defendants' *Steadman* Pre-Motion Conference Letter. Such facts were notably absent from *Zainfeld* or *Walsh v. Nelnet Servicing, LLC*, No. 24 Civ. 4325, at *8 (DEH), 2025 U.S. Dist. LEXIS 137297 (S.D.N.Y. July 18, 2025), both decisions of this Court relied upon by Defendants in their motion.

In *Walsh*, this Court transferred a case noting that the first-filed action "could easily have been framed to include both classes." *Walsh* at *8. Such is not the case here where *Steadman* is a far narrower class confined to a specific time and location due to its notable brutality and kettling tactics perpetrated in clear violation of the 2023 Settlement Agreement. The *Steadman* Plaintiffs could not have framed their case "to include both classes" without diluting the purpose of that specific class. *Walsh* also differs from this situation since *Walsh* involved a "single claim against the same

defendant," *id*. at *7, and the first-filed case there was not related to discrete physical interactions at a specific location on a specific date.

*Zainfeld* and its first filed action involved a "single claim." Your Honor noted that "The two cases involve similar facts, and the single claim brought in both cases are nearly mirror images." Location was not an issue in those cases since it apparently involved tickets purchased online. *Zainfeld* at *6.

The facts here are notably different as explained at the *Steadman* conference precipitating Judge Reyes' ruling that "It's a different protest." As noted above, the *Steadman* police tactics, confined to a limited area on April 30, 2024 outside of CUNY City College on Amsterdam Avenue between 135th and 138th Streets, including force and kettling were so particularly egregious as to require its own microscope. Upon information and belief, there was a separate NYPD plan on that specific day to get into CUNY, to deal with the protesters at the specific location and on that specific day. *Steadman* does not concern the entire time span alleged in *Makkawi* and likely involved different levels of approval of the NYPD plans than took place at other protests spanning other times and locations that did not involve the participation of colleges or universities as *Steadman* did. Discovery in *Steadman* will also involve unique issues, like investigation of the City's planning with the college, which appears likely given the multiple enforcement actions on the same day.

**B.  Defendants' Cases Highlight Reasons for Denying Defendants' Motion**

Each case cited by Defendants in footnote 10 of their Motion contains key procedural or factual distinctions such that they are not applicable here, but Plaintiffs distinguish them to highlight by contrast why the first-filed rule should not apply. For example, Defendants cite *Top Office Pros Bus. Servs. v. JPMorgan Chase Bank N.A.*, No. 25-CV-2544 (GHW) (HJR), 2025 U.S. Dist. LEXIS 192335 (S.D.N.Y. Sep. 29, 2025), but there the Defendant filed both a motion to transfer pursuant to

14

the first-filed rule and a motion to transfer venue. Here, the City has already filed and lost their motion to transfer venue in the first-filed court. *Rights To Be v. Bondi*, No. 25-cv-3676 (KAM) (CLP), 2025 U.S. Dist. LEXIS 181427 (E.D.N.Y. Sep. 16, 2025) was a decision on a motion pursuant to a request to transfer venue which, again, here the City has already filed and lost. Further, the Court in *Rights To Be* ordered transfer to the District of Columbia based in part on "the [] convenience of the parties and witnesses" – concerns not at issue here. In *United States v. New York,* No. 25-cv-3656 (PKC), 2025 U.S. Dist. LEXIS 149744, at *6 (S.D.N.Y. Aug. 4, 2025), cited by Defendants, the Court denied the City's motion pursuant to the first-filed rule and stated "[w]hile the risk of inconsistent adjudications is noted, its impact is muted by the circumstance that the three actions are all within the same Circuit." *Id.* In *McKinney v. Stanley*, No. 24-cv-8860 (VEC), 2025 U.S. Dist. LEXIS 142967 (S.D.N.Y. July 25, 2025), the plaintiff in the first-filed case intervened to have the latter-filed case moved to the first-filed venue. Here, the *Steadman* Plaintiffs have already successfully argued that both cases should not be merged. In *Jeffrey v. DTG Operations, Inc.,* No. 19-cv-7209, 2020 U.S. Dist. LEXIS 56265, at *7-8 (E.D.N.Y. Mar. 31, 2020), the Court applied the first-filed rule where the transferee court had the first-filed case which "already encompass[ed] Plaintiff's claims." Such facts are absent here where *Steadman* is far narrower than *Makkawi* and therefore does not encompass the claims from the would-be transferor Court. In *Wyler-Wittenberg v. MetLife Home Loans, Inc.,* 899 F.Supp. 2d 235 (E.D.N.Y. 2012), the Court transferred the case to a district court in another circuit after conducting what appears to have been the first motion to transfer venue made in that matter. Here, Defendants have already once previously made and lost their motion to transfer venue between this matter and *Steadman*. Finally, in *Oleg v. Cassino,* 2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012), the Court applied the first filed rule and transferred the case to a district court in another circuit after ruling that the first-filed case in the transferee court would resolve all parties' claims.

Here, *Steadman* is limited to one day and location and would therefore not resolve the claims in *Makkawi* which is far broader.

Similar distinctions exist with Defendants' footnote 12 string cite: *Jeffrey v. DTG Operations, Inc.*, 2020 U.S. Dist. LEXIS 56265 (E.D.N.Y. 2020) (applying first-filed rule where transferee Court had the broader claims); *Burke v. Bimbo Bakeries USA, Inc.,* 2019 U.S. Dist. LEXIS 198263 (N.D.N.Y. 2019) (granting transfer where the classes sought to be represented were identical); *Kinkead v. Humana at Home, Inc.,* 330 F.R.D. 338, 357 (D. Conn. 2019) (first-filed rule applicable at the request of Plaintiffs in the first-filed action and as part of a class-certification motion which was also granted in part[3]); *Marin v. Apple-Metro, Inc.,* 2017 U.S. Dist. LEXIS 165568 (E.D.N.Y. 2017) (this decision does not mention on what grounds the Court applied the first-filed rule); *Castillo v. Taco Bell of Am., LLC*, 960 F.Supp. 2d 401 (E.D.N.Y. 2013) (dismissing a second-filed action where the first-filed action had already been conditionally certified); *Goldberger v. Bear, Stearns & Co.*, 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y., 2000) (first-filed rule applied because "claims identical" were alleged in the first lawsuit). None of these decisions permitted imposing a larger class on a class more narrowly defined by a series of physical interactions at one specific time and location.

On the other hand, Judge Reyes' decision in *Steadman* to keep the cases separate but to coordinate discovery is clearly in the interest of justice. The parties have already agreed on how to coordinate the cases and have submitted a joint coordination order. *See* Massimi Declaration, Ex. 4. The City and the same attorneys of record here have already successfully coordinated discovery in similar (but separate) protest class actions from the Summer of 2020. The situation here is very similar to *Sow v. City of NY* and *Sierra v. City of New York*. The putative class in *Sow* covered all protests for

---

[3] *Kinkead* and *Castillo* are particularly inapposite because no class has been certified and Defendants are not agreeing to certification.

Black Lives in Summer 2020, and four class representatives were arrested at the Mott Haven protest on June 4, 2020. *See* Massimi Declaration, Ex. 6, p. 2. The *Sierra* putative class only covered people arrested in the kettle at Mott Haven. The cases proceeded as separate classes, with discovery consolidated. The *Sierra* class, which included **approximately 300** people was certified on October 5, 2024. *See* Massimi Decl., Ex. 7. The much larger *Sow* class, which covered approximately 1,380 individuals arrested at protests in Summer 2020 excluding Mott Haven, was certified on March 5, 2024. *See* Massimi Declaration, Ex. 6.  Because the cases were separate, the smaller and discrete Mott Haven class action settled quicker and was removed from the Court's docket, while the larger class that involved protests without kettling continued until it, too, could be settled.   As such, Judge Reyes's order as to how these two cases should proceed will promote efficiency, has been done successfully before, and should be honored.

### C. The meaningfully different, class-wide resolutions in *Sierra* and *Sow*, that the City itself agreed to, highlight why the two cases are not inherently the same class.

Last, given Judge Reyes' comment that "we've been here before in the George Floyd context," looking at exactly how that played out should inform the Court's analysis of whether these two cases are really substantially the same case — and the differences between the *Sierra* and *Sow* class settlements highlight those distinctions.

*Sow* settled with a broad class, covering some 18 different protests, with carefully spelled out boundaries.  Many of the protests at issue involved the City *failing* to have a plan when arresting protesters, and officers accordingly not being under control.  While the proposed class was broader, the settled class *only* included people arrested.  And the final award for class members was $9,950.00.

Meanwhile, *Sierra* covered a single protest:  The protest at Mott Haven, where the mayor and police chief themselves both said the City had a carefully arranged and executed plan.  At that protest,

like the *Steadman* protest, police encircled or "kettled" protesters, before executing mass arrests.  The class covered both arrests and pure uses of force.  The final award for class members, depending on the kind of arrest processing they endured, was either $21,500.00 or $24,000.00.

The meaningful differences and in particular, the kettle between the specific protests, accounted for a *more than double* award to the *Sierra* Plaintiffs, on the City's own reckoning (since it consented to both class settlements), even though the claims were identical, involved the same policies, and fell within the same period of time.  Plaintiffs here and in *Steadman* believe the cases have a similar relationship:  Like *Sow*, *Makkawi* is a broader class that covers consistent conduct across all protests of a certain kind.  And like *Sierra*, *Steadman* covers an extraordinarily brutal enforcement action through a kettle — a military tactic requiring planning from above that the City agreed to ban, but violated that ban specifically for the *Steadman* protest.  While many facts do overlap, to simply collapse the cases together will *hinder*, not facilitate resolution.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny the Defendants' second attempt to collapse the two putative classes in *Steadman* and *Makkawi* into one.

Dated: New York, New York
     December 16, 2025

                               Respectfully submitted,
                               **COHEN&GREEN PLLC**

By:   Elena L. Cohen
       J. Remy Green
       Regina J. Yu
       Leena M. Widdi
       1639 Centre Street, Suite 216
       Ridgewood (Queens), NY 11385
       t: (929) 888-9480
       elena@femmelaw.com

**GIDEON ORION OLIVER**

_____

277 Broadway, Suite 1501
New York, NY 10007
t: (718) 783-3682
Gideon@GideonLaw.com


**MASSIMI LAW PLLC**

_____
Jessica Massimi
99 Wall Street, Suite 1264
New York, NY 10005
t: (646) 241-9800
jessica.massimi@gmail.com


**GIBSON LAW FIRM PLLC**

/s/
_____

Sujata S. Gibson
120 E Buffalo St., Suite 2
Ithaca, NY 14850
t: (607) 327-425
sujata@gibsonfirm.law


**THE ABOUSHI LAW FIRM PLLC**

_____

Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com


**BELDOCK LEVINE & HOFFMAN LLP**

_____

By: David B. Rankin
Luna Droubi
99 Park Avenue, PH/26th Floor
New York, NY 10016
t: (212) 277-5825
drankin@blhny.com


**THE FU FIRM PLLC**

/s/
_____

Yan Fu
43 West 43rd Street, Suite 205
New York, NY 10036
t: (212) 584-0581
yfu@thefufirm.com


To:     All Counsel of Record
        **BY ECF**