# EXHIBIT 2

# DEFENDANTS' *STEADMAN* PRE-MOTION CONFERENCE LETTER



| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>Corporation Counsel | THE **CITY** OF **NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JOANNE M. McLAREN**<br>*Senior Counsel*<br>Telephone: (212) 356-2413<br>jmclaren@law.nyc.gov |

September 23, 2025

**VIA ECF**
Honorable Ramon E. Reyes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Hilary Steadman, *et al.* v. City of New York, *et al.*
       25-CV-4081 (RER) (JAM)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent the City of New York ("Defendant") in the above-referenced matter. Defendant writes pursuant to Your Honor's Individual Practices and Rules to respectfully request a pre-motion conference regarding Defendant's anticipated motion for a change of venue to the United States District Court for the Southern District of New York, in accordance with 28 U.S.C. § 1404(a). Defendant further requests that the initial conference, scheduled for October 3, 2025, and the parties' required completion of the discovery plan for this case, be postponed until after resolution of the venue issue. The undersigned asked counsel for plaintiffs Hilary Steadman and Kristin Herbeck ("Plaintiffs"), on September 21, 2025, at 1:09 p.m., whether they consent to the transfer of venue. Remy Green, Esq. has conveyed that counsel is discussing the issue and hopes to have an answer by close of business on September 24, 2025.

  By way of background, Plaintiffs bring this putative class action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that the City of New York and members of the New York City Police Department ("NYPD") violated their rights while they were participating in a protest near City College of New York in Harlem on April 30, 2024. They seek to represent a class consisting of all persons who took part in the protest on April 30, 2024, outside City College of New York, in Harlem, who were subject to certain defined police action. See ECF No. 9 at ¶ 217 (First Amended Complaint, filed on July 29, 2025).

  A consortium of Plaintiff's counsel, which includes all the Plaintiff's counsel spearheading the Steadman matter, filed a First Amended Complaint, on August 11, 2025,

seeking redress for alleged constitutional and state law violations occurring at all pro-Palestine protests, in all five boroughs, from October 21, 2023 onwards, in <u>Makkawi et al. v. City of New York, et al.</u>, 25-cv-6321 (DEH) (S.D.N.Y.).[1] See <u>Makkawi et al. v. City of New York, et al.</u>, 25-cv-6321 (DEH) (S.D.N.Y.) (ECF No. 9 at ¶ 483(a)). The <u>Makkawi</u> plaintiffs specifically defined their putative class to exclude members of the putative <u>Steadman</u> class, see id. at ¶ 483(b)(4), which would otherwise have been included in the <u>Makkawi proposed class</u>. The <u>Makkawi</u> consortium opted, appropriately, to file that litigation in the Southern District of New York. That matter has been assigned to Judge Dale E. Ho. Defendant's Answer in that case is due on December 1, 2025. See <u>Makkawi</u>, ECF No. 23.

City College of New York, where the events at issue in the <u>Steadman</u> matter allegedly occurred, is in Manhattan, within the confines of the Southern District of New York. At this time, it is expected that many, if not all, of the individual defendant officers may still be working in Manhattan, making the Southern District the more convenient venue for those parties. The offices of Defendant's counsel, and the offices of several of the law firms representing Plaintiffs, are also located close to the Southern District courthouse. Decisions about whether or not to prosecute arrests arising from the protests of April 30, 2024, were made by the Manhattan District Attorney's Office. Accordingly, the Southern District of New York is an appropriate -- and the most appropriate -- venue for this action, and the requested change of venue would serve "the convenience of parties and witnesses, [and] . . . the interest of justice." 28 U.S.C. 1404(a).

Venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). In suits against public officials, the location where the official performs his or her duties is considered residency for purposes of venue. See <u>Credell v. Dunne</u>, 16-cv-3081 (KAM), 2016 U.S. Dist. LEXIS 86370, at *2 (E.D.N.Y. July 1, 2016); <u>Legrand v. City of New York</u>, No. 09 Civ. 9670 (DLC), 2010 U.S. Dist. LEXIS 19011, at **9-10 (S.D.N.Y. Mar. 3, 2010). "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). Courts analyze the transfer of venue pursuant to a two-part test: (1) whether the action to be transferred "might have been brought" in the transferee venue; and (2) whether the balance of convenience and justice favors transfer. <u>Williams v. City of New York</u>, No. 03 Civ. 5342 (RWS), 2006 U.S. Dist. LEXIS 6470, at *5-6 (S.D.N.Y. Feb. 16, 2006).

With respect to the first prong of 28 U.S.C. § 1404(a), this case could have been brought in the Southern District of New York. All of the individual officers were performing their duties on April 30, 2024, in Manhattan, thus were residents of the Southern District of New York. All of the events alleged in the Complaint occurred within the jurisdiction of the Southern District of New York because the arrests that are the subject of this lawsuit occurred around the City College of New York, in New York County. Therefore, the Southern District of New York is a proper venue for this case.

---

[1] Plaintiffs in the instant action are represented by The Aboushi Law Firm, PLLC, Cohen & Green, P.L.L.C., Massimi Law, PLLC, Leena Mohmoud Widdi, Gideon Orion Oliver, and Beldock Levine & Hoffman. The <u>Makkawi</u> action is brought by all the same lawyers and the Gibson Law Firm PLLC and the Fu Firm PLLC.

As to the second prong of 28 U.S.C. § 1404(a), the balance of convenience and justice favors transferring the case to the Southern District of New York. Several factors are important to this analysis, with the convenience of the parties and the witnesses considered to be the "essential criteria under the venue statute." Baker v. Coughlin, No. 93 Civ. 1084 (RWS), 1993 U.S. Dist. LEXIS 12445, at *12 (S.D.N.Y. Sept. 9, 1993) (quoting First City Fed. Sav. Bank v. Register, 677 F. Supp. 236, 237 (S.D.N.Y. 1988)). As all the arrests occurred in New York County, the individual officers, any likely future named officer defendants, witnesses, and the evidence in the instant action are all within the jurisdiction of the Southern District of New York, as is the locus of operative facts. Moreover, Plaintiffs' counsel acknowledges that the Southern District is an appropriate venue, and convenient for putative class members, by virtue of the fact that that is where they brought the Makkawi putative class action, which would have encompassed the Steadman Plaintiffs had the Makkawi consortium not selectively excised the singular protest of April 30, 2024, from their putative class.

Although Plaintiffs' choice of forum is entitled to some deference in a venue analysis, the weight afforded that choice will be reduced if the operative facts did not occur in the forum that Plaintiffs have chosen. See Pager v. Metro. Edison, 16-cv-5161 (KAM)(RER), 2017 U.S. Dist. LEXIS 227201, at *6-7 (E.D.N.Y. May 19, 2017). See also Baker, 1993 U.S. Dist. LEXIS 12445, at *11 ("[T]he emphasis a court places on the factor of the plaintiff's choice diminishes substantially when the acts of commission and omission giving rise to the action bear little material connection to the chosen forum."). Here, the incident which forms the basis of Plaintiffs' claims took place in Manhattan, within the confines of the Southern District of New York, and thus Plaintiffs' election of venue in the Eastern District of New York is of reduced significance. Accordingly, Defendant respectfully requests that the Court: (i) schedule a pre-motion conference on Defendant's proposed motion for a change of venue pursuant to 28 U.S.C. § 1404(a) from the Eastern District of New York to the Southern District of New York; and (ii) postpone the initial conference, scheduled for October 3, 2025, and the parties' required completion of the discovery plan for this case, until after resolution of the venue issue.

Defendant thanks the Court for its consideration in this matter.

Respectfully submitted,

*[signature]*

Joanne M. McLaren
*Senior Counsel*
Special Federal Litigation Division

cc: All counsel of record (via ECF)