UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MONE MAKKAWI, et al.,

                       Plaintiffs,

        - against -                                     25-CV-6321 (DEH)

CITY OF NEW YORK, et al.,

                       Defendants.

------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT OR, ALTERNATIVELY, TRANSFER IT TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO THE SECOND CIRCUIT'S FIRST-FILED RULE

**MURIEL GOODE-TRUFANT**

CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendant the City of New York*
100 Church Street
New York, New York 10007

By:   Sandra A. Bober
        *Senior Counsel*
        Special Federal Litigation Division
        (212) 356-0827

        Joanne M. McLaren
        *Senior Counsel*
        Special Federal Litigation Division
        (212) 356-02143

Dated: December 20, 2025

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    STEADMAN AND *MAKKAWI* ARE SUBSTANTIALLY SIMILAR. ................ 2

    II.    THE *STEADMAN* COURT RULED SOLELY ON THE ISSUE OF THE APPROPRIATE VENUE FOR THE *STEADMAN* ACTION. .............................. 5

    III.    THE RELIEF DEFENDANTS SEEK IS DISMISSAL OR, ALTERNATIVELY, TRANSFER TO THE EASTERN DISTRICT. ..................................................... 7

CONCLUSION............................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Cuebiq Grp., LLC v. PaeDae, Inc.*, No. 24-CV-7542 (JGLC), 2025 U.S. Dist. LEXIS 162677 (S.D.N.Y. Aug. 21, 2025) ................................................................................................ 3

*In Re: New York City Policing During 2020 Demonstrations*, 20-8924 (CM) (GWG) (S.D.N.Y.) 2

*Marsh & McLennan Agency LLC v. Alliant Ins. Servs.*, No. 25-CV-6936 (RA), 2025 U.S. Dist. LEXIS 183941 (S.D.N.Y. Sep. 18, 2025) ............................................................................ 6

*Santana v. Cavalry Portfolio Servs., LLC*, 2019 U.S. Dist. LEXIS 201469 (S.D.N.Y. Nov. 19, 2019) ...................................................................................................................................... 5

*Top Office Pros Bus. Servs. v. JPMorgan Chase Bank N.A.*, No. 25-CV-2544 (GHW) (HJR), 2025 U.S. Dist. LEXIS 192335 (S.D.N.Y. Sep. 29, 2025) ........................................................ 3

*U.S. SEC v. Alpine Secs.. Corp.*, 768 F. App'x 93 (2d Cir. 2019) ............................................... 7

*Walsh v. Nelnet Servicing, LLC*, No. 24 Civ. 4325 (DEH), 2025 U.S. Dist. LEXIS 137297 (S.D.N.Y. July 18, 2025) .................................................................................................... 3, 6

*Zainfeld v. Vivid Seats, LLC*, No. 24-1520 (DEH), 2024 U.S. Dist. LEXIS 91179 (S.D.N.Y. May 20, 2024) ............................................................................................................................ 6, 7

**PRELIMINARY STATEMENT**

The plaintiffs essentially put forward three purported reasons why the first-filed rule should not apply: (1) this action and *Steadman*, they claim, are not substantially similar; (2) the Eastern District has somehow already determined what Your Honor should do with this case by deciding to keep a case that was first filed there; and (3) transferring this case would inappropriately merge putative classes.

The first contention is self-evidently wrong; the plaintiffs do not dispute every essential fact necessary to find that these cases are substantially similar. This case was filed within a week of *Steadman*, by the same lawyers, seeking the same injunctive relief that would apply to *all* protests citywide. And, in the words of the plaintiffs' own lawyers, "[t]he claims are essentially the same," but for the fact that they carved out one protest from a related series of protests for reasons they have been unable to articulate coherently. DE 42-1 at 10 (Transcript of argument in *Steadman*). The second overstates what the Eastern District did; Judge Reyes was not asked to analyze the first-filed rule and his decision to keep a case that was first filed in his district should not affect what happens to this case. And the third reason misstates the relief the City seeks: we are not, as plaintiffs claim, asking to merge putative classes. We ask only that this Court dismiss or transfer this case.

At bottom, the City should not be required to simultaneously litigate the same claims, against the same lawyers, challenging the same policies, and seeking the same City-wide injunctive relief in two districts; this is duplicative, inefficient, and risks inconsistent judgments. Or, put another way, the plaintiffs should not be permitted to litigate the same claims and seek the same relief simultaneously in two districts, hoping that their claims prevail in at least one. The first-filed rule exists to prevent what the plaintiffs are attempting to do here.

**ARGUMENT**

I.  **STEADMAN AND *MAKKAWI* ARE SUBSTANTIALLY SIMILAR.**

The plaintiffs' assertion that *Steadman* and *Makkawi* are "not substantially similar" (DE 41 at 10) is hard to understand. These cases are (concededly) brought by the same attorneys, challenge the same policies, assert the same causes of action, and seek the same injunctive relief.[1] *See* DE 37 at 2–7. And the plaintiffs' efforts to distinguish *Steadman* from this case on the basis that it is "limited to one day and one location" (DE 41 at 20) therefore ring hollow. To state the obvious, *every* subject protest, including all eight in this case, occurred on "one day and in one location," and there are bound to be minor factual differences at each location. But that did not stop the plaintiffs from bringing eight in one complaint, and there is no reason they could not have included a ninth. And even if both cases did not involve allegations of kettling—and they do[2]—and even if both cases did not involve allegations of excessive force—and they do[3]—and even if both cases did not allege the NYPD violated a 2023 settlement agreement—and they do[4]—and even if both cases did not involve a protest at a college location—and they do[5]—and even if both

---

[1] In addition, both cases allege that the City violated the 2023 settlement agreement negotiated in *In Re: New York City Policing During 2020 Demonstrations*, 20-8924 (CM) (GWG) (S.D.N.Y.). This further demonstrates that these cases are related, and, in any event, a claim alleging violation of that agreement—which was negotiated by these same attorneys—must be brought before Judge McMahon, who specifically retained jurisdiction to enforce the agreement, but only after the parties follow the dispute resolution procedure set forth in the agreement. *See* DE 42-5 at 33, 36.

[2] *Compare* 38-1 (*Steadman* Compl.) ¶¶ 32, 39, 40, 75, 113, 126, 141, 142, 147, 192, 210 *with* DE 9 (*Makkawi* Compl.) ¶¶ 65, 155, 172, and 182.

[3] *See* DE 37 at 8–9.

[4] *Compare* 38-1 ¶¶ 1, 32, 214–15 *with* DE 9 ¶¶ 176–177.

[5] *Compare* 38-1 ¶¶ 25–37 *with* DE 9 ¶¶ 125–130.

cases did not seek the same injunctive relief—and they do[6]—the cases would still overwhelmingly meet the "substantially similar" standard of the first-filed rule.

As explained in our opening brief, the rule does not require that the competing actions be identical, only that the parties represent the same interests and contain overlapping factual and legal issues. *See* DE 37 at 10–11 (citing cases); *see also Walsh v. Nelnet Servicing, LLC*, No. 24 Civ. 4325, at *8 (DEH), 2025 U.S. Dist. LEXIS 137297 (S.D.N.Y. July 18, 2025); *Top Office Pros Bus. Servs. v. JPMorgan Chase Bank N.A.*, No. 25-CV-2544 (GHW) (HJR), 2025 U.S. Dist. LEXIS 192335, at *6 (S.D.N.Y. Sep. 29, 2025); *Cuebiq Grp., LLC v. PaeDae, Inc.*, No. 24-CV-7542 (JGLC), 2025 U.S. Dist. LEXIS 162677, at *11–12 (S.D.N.Y. Aug. 21, 2025). That standard is easily met here, and the line-by-line comparison of the *Steadman* and *Makkawi* complaints in our opening brief leaves no room for dispute: These complaints are largely copy-and-pasted; they challenge the same policies, assert the same causes of action, and seek the same injunctive relief in the form of, among other things, various changes to NYPD policies and procedures that would apply to *all* protests. *See* DE 37 at 7–11 (comparing complaints). On these facts, the case law amply supports the common-sense conclusion that the actions are "sufficiently similar" for purposes of the first-filed rule. *See Walsh*, 2025 U.S. Dist. LEXIS 137297, at *7–8.

Indeed, in their opposition brief, the plaintiffs concede, as they must, that "many facts do overlap" (DE 41 at 22); that there are "overlapping policies at issue" (DE 41 at 5); and that both cases allege kettling (*id.* at 6). At the pre-motion conference for the venue transfer motion in *Steadman*, plaintiffs' counsel stated that the "central allegations" in *Steadman* "are the failure to train on protests." DE 42-1 at 5. This is also a central allegation here. *Compare* 38-1 ¶¶ 143–77

---

[6] *See* DE 37 at 6.

(alleging "failure to train regarding protest policing") *with* DE 9 ¶¶ 178–204 (same). Counsel also explained that "the force" used is "really the thing that [counsel] think[s] is going to become the centerpiece of [the *Steadman*] case and cases around the Gaza uprising in New York city generally." DE 42-1 at 5–6. As detailed in our opening brief, allegations of force are also prevalent in this case. *See* DE 37 at 8–9. Counsel further stated that they were "focusing on" *Monell* claims arising out of the alleged punitive use of handcuffing because it is "something that we'd seen sort of as a change in the policing of protests over the last couple of decades." DE 42-1 at 7–8. *Makkawi* also asserts *Monell* claims arising from handcuffing. DE 9 ¶ 561(d).

Plaintiffs' counsel summarized their argument before Judge Reyes regarding the alleged distinctions between *Steadman* and *Makkawi* as follows:

> One of the things that's nice about -- and one of the reasons we've decided to split it, you know, to do just at a particular date is, there's a lot to us that's unique about this protest, right? It was one of the ones where the police tactics, we think, were both particularly egregious and also sort of distinct, right? I mean, we have a limited area, we have a finite number of people, we have tactics that are kettling, we have tactics that are force.

DE 42-1 at 7–8. But as explained in our opening brief and above, there are also claims in this case of force and kettling at protests on particular dates—including on dates before and after the protest underlying *Steadman*, and including at a college campus like the protest underlying *Steadman*. *See* DE 37 at 7. And perhaps most tellingly, when Judge Reyes asked plaintiffs' counsel whether the claims in *Steadman* and *Makkawi* were the same, the answer was that the claims are "essentially the same":

> THE COURT: Are they precisely the same claims, the exact same claims, except for the fact that this is a different protest?
>
> [COUNSEL FOR THE CITY]: Yes, Your Honor.
>
> THE COURT: Is that correct? The claims themselves are the same as what's going on in the Southern District except for the fact that this is a different protest?

[COUNSEL FOR PLAINTIFFS]: The claims are essentially the same.

DE 42-1 at 10; *see also id.* at 12 ("[Counsel for the City] is the same attorney on the Southern District action, we're the same attorneys here.").

For these reasons and the reasons set forth in our opening brief, the Court should reject the plaintiffs' argument that *Steadman* and *Makkawi* are not sufficiently similar. The principles underlying the first-filed rule—to avoid duplication of judicial effort,[7] to achieve comprehensive disposition of litigation over related issues, and to eliminate the risk of inconsistent judgments, *see Santana v. Cavalry Portfolio Servs., LLC*, 2019 U.S. Dist. LEXIS 201469, at *6 (S.D.N.Y. Nov. 19, 2019)—are best served by application of the rule and dismissal, or alternatively, transfer of this case to the Eastern District of New York.

## II. THE *STEADMAN* COURT RULED SOLELY ON THE ISSUE OF THE APPROPRIATE VENUE FOR THE *STEADMAN* ACTION.

Judge Reyes's decision on the venue transfer motion in *Steadman* was limited to whether *Steadman* should remain in the Eastern District. DE 42-1 at 17. In denying the City's motion—at a pre-motion conference, without briefing—Judge Reyes acknowledged that there may not be differences between the cases and that he would not "predetermine the facts." DE 42-1 at 18; *see also id.* (Judge Reyes: "I'm deeming the motion [to transfer venue] as having been made, and I'm denying it. It will stay here in this court."). Importantly, the factors a court must evaluate on a venue transfer motion do not include a comparison between the action in which the motion is filed

---

[7] The plaintiffs' statement that by bringing this motion we are "attempting to instigate the duplicative litigation they claim they want to avoid" (DE 41 at 8) is, simply put, nonsensical. The plaintiffs created this situation—and the necessity for this motion—by bringing essentially the same class action in two districts; they have provided no reason, let alone a compelling reason, why they could not have simply added a ninth protest to the eight already included in *Makkawi*.

and an action filed in another jurisdiction. *See Zainfeld v. Vivid Seats, LLC*, No. 24-1520 (DEH), 2024 U.S. Dist. LEXIS 91179, at *3 (S.D.N.Y. May 20, 2024).

The plaintiffs' repeated assertions[8] throughout their opposition brief that Judge Reyes's ruling on the motion to transfer venue somehow precludes applying the first-filed rule here are patently incorrect. There was never a first-filed motion in the Eastern District; Judge Reyes never conducted a first-filed analysis; and Judge Reyes never ruled as to the appropriate forum for *Makkawi*.

Likewise, the plaintiffs' sweeping assertion that the first-filed court "determines which forum will hear the case" (DE 41 at 13) is alarmingly wrong, considering that both parties' briefs cite case after case—*including more than one case decided by Your Honor*—in which the second-filed court dismissed, stayed, or transferred a case pursuant to the first-filed rule. *See Walsh*, 2025 U.S. Dist. LEXIS 137297; *Zainfeld*, 2024 U.S. Dist. LEXIS 91179. Rather, where competing first-filed arguments are made in both the first and second-filed jurisdictions, the court in the second-filed jurisdiction *may* defer to the decision of the court in the first-filed jurisdiction as to which suit has priority. *See Marsh & McLennan Agency LLC v. Alliant Ins. Servs.*, No. 25-CV-6936 (RA), 2025 U.S. Dist. LEXIS 183941, at *4–6 (S.D.N.Y. Sep. 18, 2025).

Here, there was never a motion pursuant to the first-filed rule in the Eastern District. But, even so, given Judge Reyes's denial of our venue-transfer motion, the parties now have the benefit of his definitive determination that *Steadman* will stay in the Eastern District. To state the obvious,

---

[8] *See* DE 41 at 6 (asserting Judge Reyes ruled "that Steadman would remain in a separate venue"); DE 41 at 7 (asserting that Judge Reyes ruled "as to how these two cases should proceed"); DE 41 at 19 (asserting that they "have already successfully argued that both cases should not be merged"); DE 41 at 20 (asserting Judge Reyes made a determination "to keep the cases separate").

the plaintiffs have not cited a single case in which a court declined to apply the first-filed rule because the court in which the case was first filed had decided to keep its own case.

For these reasons, the Court should reject plaintiffs' argument that the denial of a motion to transfer venue equates to a foregone conclusion that the first-filed rule cannot apply here.

**III.   THE RELIEF DEFENDANTS SEEK IS DISMISSAL OR, ALTERNATIVELY, TRANSFER TO THE EASTERN DISTRICT.**

The plaintiffs appear to be confused about the relief we seek. The first-filed rule results in (1) dismissal, (2) a stay, or (3) a transfer. *U.S. SEC v. Alpine Secs.. Corp.*, 768 F. App'x 93, 94 (2d Cir. 2019). Seemingly misunderstanding this, the plaintiffs represent throughout their opposition brief that we are asking this Court to "merge [*Steadman* and *Makkawi*] into the same putative class." DE 41 at 5 n.1; *see also id.* at 1, 8, 10, 11, 12, 15, 22. We ask for no such thing (although, to be frank, it would make sense). What we ask for is limited and straightforward: It is for this Court to dismiss or, alternatively, transfer this action to the Eastern District. If the latter, that court can then consolidate the cases or otherwise manage the litigation in a manner that makes sense. *See Zainfeld*, 2024 U.S. Dist. LEXIS 91179, at *1–2 (Your Honor transferred *Zainfeld* to the first-filed jurisdiction and stated that the Court would "not address the request for consolidation" or other pending motions, "leaving those decisions to the Eastern District of New York").

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in our opening brief, we respectfully request that the Court dismiss the plaintiffs' first amended class action complaint or, alternatively, transfer this action to the Eastern District of New York, and such other relief as the Court deems appropriate.

Dated: New York, New York
       December 20, 2025

                              MURIEL GOODE-TRUFANT
                              Corporation Counsel of the City of New York
                              100 Church Street
                              New York, NY 10007
                              *Attorney for Defendants*

By:   /s/ Sandra A. Bober
        Sandra A. Bober
        *Senior Counsel*
        Special Federal Litigation Division
        (212) 356-0827
        sabober@law.nyc.gov

By:   /s/ Joanne M. McLaren
        Joanne M. McLaren
        *Senior Counsel*
        Special Federal Litigation Division
        (212) 356-02143
        jmclaren@law.nyc.gov

CC:   All attorneys of record (via ECF)

## CERTIFICATION

In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 2,390. I have relied on the word count function of Microsoft Word to prepare this certification.

Dated: New York, New York
       December 20, 2025

                              MURIEL GOODE-TRUFANT
                              Corporation Counsel of the City of New York
                              100 Church Street
                              New York, NY 10007
                              *Attorney for Defendants*

By:   /s/ Sandra A. Bober
        Sandra A. Bober
        *Senior Counsel*
        Special Federal Litigation Division
        (212) 356-0827
        sabober@law.nyc.gov